BARBARA S. STEVENS v. LLOYD B. STEVENS

No. 758DC316

(Filed 2 July 1975)

Infants § 9— custody .proceeding — private interview of child by court — failure to object
     Plaintiff's failure to object and except to the trial court's interview of a minor child in a child custody proceeding when plaintiff was given an opportunity to object estops her from asserting it as error on appeal.

APPEAL by plaintiff from *Pate, Judge.* Order entered 4 February 1975 in District Court, WAYNE County. Heard in the Court of Appeals 18 June 1975.

This is an action for custody of a ten-year-old child. The parties to the action, parents of the child, are divorced. Under prior orders of the court the child was placed in the custody of plaintiff. On 4 February 1975 the orders were modified and the child was placed in the custody of defendant. Plaintiff now appeals from that order.

*Kornegay & Bruce, P.A., by Robert T. Rice, for plaintiff appellant.*

*Taylor, Allen, Warren & Kerr, by John H. Kerr III, for defendant appellee..*

VAUGHN, Judge.

There was competent evidence to support the court's finding that there was a sufficient change of circumstances to justify. modifying the prior order. The evidence also supports the

court's findings that the best interest and welfare of the child will be served by placing him in the custody of defendant. Plaintiff's assignments of error to the contrary are overruled.

Plaintiff's other assignment of error is that the court erred in privately interviewing the minor child in the absence of the plaintiff and her attorney.

Immediately following the close of plaintiff's evidence the following appears in the record:

"(Conference with the Court and the counsel in the Judge's Chambers.)

(Without objection of either counsel, the Court privately interviewed the minor child, Henry Stevens.)"

Thereafter defendant offered his evidence. The child was not called as a witness by either party or by the court.

Plaintiff relies upon *Raper v. Berrier*, 246 N.C. 193, 97 S.E. 2d 782 where the Supreme Court ordered a new trial because the judge privately conferred with the child in chambers. In *Raper*, however, there was nothing in the record to indicate that the parties consented to the interview or had the opportunity to object to its being held. Reference to the interview appeared for the first time in the court's findings of fact. In the case before us the record indicates that the interview was conducted with the informed acquiescence of both parties. Obviously the parties were given the opportunity to object and did not do so. That is the clear meaning of the term "without objection."

The primary goal of the court is to do what is best for the child and this is an awesome responsibility for any judge. In many cases the judge can gain valuable insight into the problem by quietly talking with the child in a neutral atmosphere.

The interests of the parents are secondary. Nevertheless, as litigants they can insist on their legal right that the judge consider nothing except evidence duly developed in open court. They can, however, waive that right. If plaintiff had objected to the private interview it could not have been conducted. In that event defendant, at trial, would have had the opportunity to elect whether to offer the child as a witness in the hostile atmosphere of a courtroom battle between his parents. More importantly, the judge would have had an opportunity to make his own decision on whether to interrogate the child in the presence

of both parents and subject the child to further examination by all of the parties.

We hold that plaintiff's failure to object and except to the procedure at trial when given the opportunity now estops her from asserting it as error on appeal.

The judgment is affirmed.

Affirmed.

Judge Morris and Clark concur.