TIMOTHY LEE DREYER, Plaintiff v. RLENA MURPHY SMITH and
JOHNNY HARDY SMITH, Defendants

No. COA03-286

(Filed 2 March 2004)

1. **Appeal and Error— preservation of issues—failure to assign error—findings of fact**

    Defendant mother's failure to properly assign error in a child custody modification case to any specific findings of fact as required by N.C. R. App. P. 10(a) means those findings are binding on the Court of Appeals.

2. **Child Support, Custody, and Visitation— modification— substantial change of circumstances—best interests of child**

The trial court did not abuse its discretion by modifying a child custody order to provide that the minor children would reside primarily with plaintiff father, because: (1) there was a material and substantial change of circumstances of the parties including the negative effect on the children of defendant mother's remarriage by the children's exposure to alcohol abuse, violent behavior, illegal drugs, and a risk of physical harm; and (2) it was in the best interests of the children.

3. **Appeal and Error— preservation of issues—child custody modification—in-chambers testimony—failure to request recordation**

Although defendant mother contends the trial court erred in a child custody modification case by holding unrecorded in camera interviews of the children, this procedure of interviewing the children in-chambers was specifically requested by defendant's attorney and defendant did not request at trial that the interviews be recorded.

Appeal by defendant Rlena Murphy Smith from order entered 23 July 2002 by Judge Richard W. Stone in Rockingham County District Court. Heard in the Court of Appeals 3 December 2003.

*No brief filed on behalf of plaintiff-appellee.*

*Eunice Jones O'Beng, for defendant-appellant.*

GEER, Judge.

Defendant mother, Rlena Murphy Smith, appeals from the trial court's order modifying a prior custody order to provide that the minor children would reside primarily with their father, plaintiff Timothy Lee Dreyer. Because Ms. Smith has not assigned error to any of the trial court's findings of fact and because the trial court's conclusions of law were supported by those findings of fact, we affirm.

[1] Under N.C.R. App. P. 10(a), this Court's review is limited to those findings of fact and conclusions of law properly assigned as error. *Koufman v. Koufman,* 330 N.C. 93, 98, 408 S.E.2d 729, 731 (1991) ("the scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal"). "Where no excep-

tion is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Id.* at 97, 408 S.E.2d at 731.

Ms. Smith did not specifically assign error to any of the trial court's findings of fact. Her sole assignment of error on this appeal states:

> The trial court committed reversible error when it found that the Plaintiff had proffered sufficient evidence to show that there had been a material and substantial change of circumstances of the parties since entry of the last order that will likely have an [e]ffect on the children and a modification of the prior order would be of material benefit to the children and in the children's best interest.

"A single assignment [of error] generally challenging the sufficiency of the evidence to support numerous findings of fact, as here, is broadside and ineffective" under N.C.R. App. P. 10. *Wade v. Wade*, 72 N.C. App. 372, 375-76, 325 S.E.2d 260, 266, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Because Ms. Smith has not properly assigned error to any specific findings of fact, those findings are binding on this Court.

Mr. Dreyer, appearing *pro se*, filed a complaint in Rockingham County District Court on 19 October 2001, asking to have primary custody of his children transferred to him. Ms. Smith and her husband, Johnny Hardy Smith, filed an answer on 16 November 2001, denying the material allegations of the complaint.

After a bench trial, the trial court found the following facts. The parties, who were married in 1989 and separated in 1994, are the parents of two children: Andrew (age 13) and China (age 9). In 1996, the parties entered into a consent order that provided for joint custody of the children, with the children to reside with Ms. Smith 225 days per year and with Mr. Dreyer 140 days per year. Since the entry of that order, Ms. Smith has remarried and now lives with her new husband and his two sons, who are age 18 and age 16.

With respect to that marriage, the trial court found:

> 5. . . . . The new husband drinks regularly. The children are exposed to drunken outbursts including cussing and punching walls. The children are allowed to ride in the car with her new husband while he is drinking. The youngest child, China, is afraid

of the mother's new husband and would feel safer living with her father.

6. The boys' room is in the basement of the house and has to be accessed by going outside. Andrew shares that room with his 16 year old step brother who is addicted to drugs and is able to go in and out of the room without the parents' knowledge. China is scared of her step brother.

The court also noted that both children "are doing miserable [sic] in school." The court ultimately found that Mr. Dreyer would be able to provide a more stable environment with fewer risks to the children's future development.

Based on its findings of fact, the court concluded that "there has been a material and substantial change of circumstances of the parties since entry of the last order that will likely have an [e]ffect on the children and a modification of the prior order would be of material benefit to the children and in the children's best interests[.]" Accordingly, the court modified the prior custody order, maintaining joint custody but providing that the children would reside primarily with Mr. Dreyer. Ms. Smith appeals from that order.

[2] The only question properly before this Court is whether the trial court's conclusions of law are supported by the findings of fact. A court order for custody of a minor child "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C. Gen. Stat. § 50-13.7(a) (2003). A trial court may not alter an existing custody order unless the court has determined "(1) that there has been a substantial change in circumstances affecting the welfare of the child; and (2) a change in custody is in the best interest of the child." *Evans v. Evans*, 138 N.C. App. 135, 139, 530 S.E.2d 576, 578-79 (2000) (citations omitted). The court, however, "need not wait for any adverse effects on the child to manifest themselves before the court can alter custody." *Id.* at 140, 530 S.E.2d at 579.

This Court held in *Evans* that "remarriage, in and of itself, is not a sufficient change of circumstance affecting the welfare of the child to justify modification of the child custody order without a finding of fact indicating the effect of the remarriage on the child." *Id. See also Hassell v. Means*, 42 N.C. App. 524, 531, 257 S.E.2d 123, 127 ("Remarriage in and of itself is not a sufficient change of circumstance to justify modification of a child custody order."), *disc. review*

*denied*, 298 N.C. 568, 261 S.E.2d 122 (1979). Here, however, the trial court made ample findings of fact describing the negative effect of Ms. Smith's remarriage on the children. We hold that these findings—setting forth the children's exposure to alcohol abuse, violent behavior, illegal drugs, and a risk of physical harm—support the trial court's conclusion that there has been a substantial change of circumstances affecting the welfare of the children.

Further, based on these findings, we hold that the trial court did not abuse its discretion in concluding that a change in custody was in the best interests of the children. *Metz v. Metz*, 138 N.C. App. 538, 541, 530 S.E.2d 79, 81 (2000) ("As long as there is competent evidence to support the trial court's findings, its determination as to the child's best interests cannot be upset absent a manifest abuse of discretion.").

**[3]** Even though she failed to assign error to the critical findings of fact, Ms. Smith further challenges the trial court's conclusion by contending that the evidentiary basis for those findings was provided during unrecorded *in camera* interviews of the children. Yet, this procedure was specifically requested by Ms. Smith's attorney. When Mr. Dreyer sought to call Andrew to the witness stand, the following colloquy occurred:

THE COURT: Did you want to do this in chambers?

MR. DREYER: Yes, sir.

[DEFENDANT'S ATTORNEY]: Yes, sir. I thought we were going to let you take the kids back to chambers, Judge. Do you agree to that?

MR. DREYER: Yes, sir.

THE COURT: Me and the clerk will go back in chambers and talk with the children one at a time. Do you agree to that?

[DEFENDANT'S ATTORNEY]: Yes, sir, Judge.

MR. DREYER: Yes, sir.

THE COURT: Mrs. Smith, do you agree to that?

THE DEFENDANT: Yes.

In accordance with the parties' agreement, Judge Stone then interviewed the children in chambers.

Because the record shows that Ms. Smith expressly consented to the in-chambers interviews of the children, she may not now assert that the procedure was error. *Stevens v. Stevens*, 26 N.C. App. 509, 510-11, 215 S.E.2d 881, 882 (where plaintiff ex-wife had not objected to in-chambers interview of child, she waived her "right [to have] the judge consider nothing except evidence duly developed in open court[,]" and was estopped from asserting it as error on appeal), *cert. denied*, 288 N.C. 396, 218 S.E.2d 470 (1975). Furthermore, given that defendant did not request at trial that the interviews be recorded, it is immaterial on appeal that the interviews were not recorded. The trial court's findings are still deemed supported by competent evidence: "Where there is evidence which does not appear in the record on appeal, it will be presumed that the evidence supports the trial court's findings of fact." *Goodson v. Goodson*, 32 N.C. App. 76, 80, 231 S.E.2d 178, 181 (1977) (in child custody case, content of child's in-chambers testimony, although not in record, deemed to support findings).

Because we hold that the trial court's findings of fact fully supported its conclusion that there had been a material and substantial change of circumstances of the parties and that it was in the best interests of the children to modify the custody order, we affirm.

Affirmed.

Judges McGEE and HUNTER concur.