JAMES E. PEVERALL, JR., AND OTHERS SIMILARLY SITUATED, PLAINTIFF v. THE COUNTY
OF ALAMANCE, DEFENDANT

No. COA06-1106

(Filed 19 June 2007)

### 1. Appeal and Error— appellate rules violations—sanctions— pay printing costs

Plaintiff's counsel is ordered to pay the printing costs of this appeal under N.C. R. App. P. 34(b) based on appellate rules violations, because: (1) plaintiff failed to provide the applicable standards of review in his brief for any of the questions presented, nor did he supply citations of authorities supporting such standards as required by N.C. R. App. P. 28(b)(6); and (2) plaintiff's assignments of error in both the record and brief incorrectly reference the record in violation of N.C. R. App. P. 28(b)(6) and N.C. R. App. P. 10(c)(1).

### 2. Appeal and Error— preservation of issues—failure to argue—failure to assign error to additional findings

Plaintiff's second assignment of error that he failed to address in his brief is deemed abandoned under N.C. R. App. P. 28(b)(6), and plaintiff's third assignment of error is limited to a review of findings of fact numbers 10 through 16 because plaintiff did not assign error to the trial court's additional findings of fact.

### 3. Class Actions— denial of certification—unknown identity and number—disparate law—failure to show adequate representative of class—varying damages

The trial court did not abuse its discretion in an action alleging due process violations, breach of contract, and intentional and negligent infliction of emotional distress by denying plaintiff's motion for class certification of 376 Alamance County employees who, at the time the action was brought, had more than five but less than twenty years of employment with the county who might retire due to a nonwork-related disability and thus be denied county insurance benefits under a new ordinance, because: (1) the identity and number of individuals who might retire under such conditions was unknown and could not be known; (2) the record revealed that the potential class numbered only seven individuals who had been denied benefits, and plain-

PEVERALL v. COUNTY OF ALAMANCE

[184 N.C. App. 88 (2007)]

tiff failed to establish that the potential class would be so numerous as to make it impracticable to bring each member before the court; (3) plaintiff failed to establish that common issues of law and fact predominated over individual issues such that certifying the class would accomplish the goal of preventing a multiplicity of suits or inconsistent results; (4) plaintiff's claim and the other six employees' claims are disparate in law and fact when plaintiff retired prior to the change and the six individuals retired after the plan was changed; (5) plaintiff cannot serve as an adequate representative of the class when different insurance plans were in effect when plaintiff and the other potential class members were denied benefits; and (6) the damages of the potential class members could be expected to vary greatly.

Judge TYSON dissenting.

Appeal by plaintiff from order entered 28 April 2006 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 11 April 2007.

*Randolph M. James, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Elizabeth A. Martineau and Joseph S. Murray, IV, for defendant-appellee.*

JACKSON, Judge.

James E. Peverall, Jr. ("plaintiff") appeals from the trial court's order denying class certification. For the following reasons, we affirm the trial court's order.

Plaintiff brought suit against the County of Alamance ("defendant") alleging due process violations, breach of contract, and intentional and negligent infliction of emotional distress. Plaintiff amended the complaint on 7 March 2001, and sought class action status on behalf of himself, his daughter, and others similarly situated. Defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court denied defendant's motion to dismiss, and upon defendant's appeal, this Court affirmed the trial court's decision. *Peverall v. County of Alamance*, 154 N.C. App. 426, 573 S.E.2d 517 (2002), *disc. rev. denied*, 356 N.C. 676, 577 S.E.2d 632 (2003). Plaintiff then appealed, *inter alia*, the trial court's 21 October 2003 order denying his motion for class certification. This Court, in an

unpublished decision, remanded to the trial court for further findings of fact on the class certification issue. *Peverall v. County of Alamance*, No. COA04-416, 2005 N.C. App. LEXIS 47 (N.C. Ct. App. Jan. 4, 2005). Plaintiff now appeals from the trial court's 28 April 2006 order denying class certification.

The facts of this case, stated in greater detail in the earlier opinions, show that plaintiff began working for Alamance County on or about 13 June 1992 as an emergency medical technician. At the time of plaintiff's hire, defendant had an insurance plan administered by Travelers Insurance Company. After plaintiff's hire in 1992, but prior to his retirement in July 1999, defendant became self-insured and provided its own insurance plan.

As a result of two vehicular accidents, plaintiff was diagnosed with post-traumatic stress disorder, and thus was unable to perform his EMS duties. In July 1999, plaintiff submitted an application to the Department of State Treasurer Retirement Systems Division for retirement based on disability. His application was approved by the Medical Board of the Retirement Systems Division on 11 August 1999, with a retroactive effective date of 1 August 1999.

On 15 August 1999 the Alamance County Board of Commissioners unanimously voted and adopted a new retroactive policy that required county employees to have completed twenty years of continuous employment (instead of five years as required pursuant to the previous policy) to receive insurance benefits after retirement due to disability. The change was to take effect retroactively on 1 July 1999. The new policy also stated that employees must not work in any capacity to be eligible. Defendant denied plaintiff insurance benefits based upon the new ordinance. Although he qualified under the old policy with more than five years of employment, he did not have the requisite twenty years of service to qualify under the new plan.

On appeal, plaintiff contends that: (1) the trial court abused its discretion in denying plaintiff's motion for class certification; (2) the denial of class certification was inconsistent with the applicable law as discussed by this Court's prior opinion remanding the issue of class certification; and (3) the trial court's findings of fact are not supported by competent evidence and do not support the trial court's conclusions of law.

[1] As a preliminary matter, we note that plaintiff's brief fails to comply fully with the North Carolina Rules of Appellate Procedure. Rule 28(b)(6) provides that "[t]he argument shall contain a concise

statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented." N.C. R. App. P. 28(b)(6) (2006). Rule 28(b)(6) further requires that "the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." *Id.* In the case *sub judice*, plaintiff has not provided this Court with the applicable standards of review for any of the questions presented, much less citations of authorities supporting such standards.

Rule 28(b)(6) also requires the brief to contain references to the assignments of error in the record corresponding to each question presented. "Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." *Id.* Moreover, Rule 10(c)(1) states that an assignment of error in the record "is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references." N.C. R. App. P. 10(c)(1) (2006). Plaintiff's assignments of error in both the record and brief incorrectly reference the record. Plaintiff's first and second assignments of error reference portions of plaintiff's and defendant's proposed orders to the trial court. Plaintiff's third assignment of error references defendant's proposed order.

"It is well settled that the Rules of Appellate Procedure 'are mandatory and not directory.' " *State v. Hart,* 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (quoting *Reep v. Beck,* 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005)). As our Supreme Court noted in *Hart,* however, dismissal of an appeal or an assignment of error is not always required, and "some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure." *Id.* at 311, 644 S.E.2d at 202. Accordingly, we elect to order plaintiff's counsel to pay the printing costs of this appeal pursuant to Rule 34(b), as plaintiff's violations are not so egregious as to warrant dismissal. *See McKinley Bldg. Corp. v. Alvis,* 183 N.C. App. 500, 502-03, 645 S.E.2d 219, 221 (2007); *Caldwell v. Branch,* 181 N.C. App. 107, 110, 638 S.E.2d 552, 555 (2007). We instruct the Clerk of this Court to enter an order accordingly.

The standard of review for class certification is whether the trial court's decision constitutes an abuse of discretion. *Nobles v. First Carolina Commc'ns, Inc.,* 108 N.C. App. 127, 132, 423 S.E.2d 312, 315

(1992), *disc. rev. denied*, 333 N.C. 463, 427 S.E.2d 623 (1993). Further, this Court "is bound by the [trial] court's findings of fact if they are supported by competent evidence." *Id.*

[2] Plaintiff's first assignment of error is that the trial court abused its discretion in denying class certification. Plaintiff's second assignment of error is not addressed in the brief and is deemed abandoned pursuant to Rule 28(b)(6). N.C. R. App. P. 28(b)(6) (2006). Plaintiff's third assignment of error cites seven findings of fact which plaintiff argues are unsupported by competent evidence. As plaintiff did not assign error to the trial court's additional findings of fact, these findings are presumed to be supported by competent evidence and are binding on appeal. *See Dreyer v. Smith*, 163 N.C. App. 155, 156-57, 592 S.E.2d 594, 595 (2004). Accordingly, this Court's review is limited to findings of fact numbers 10 through 16.

[3] Rule 23 of the North Carolina Rules of Civil Procedure governs class certification. *See* N.C. Gen. Stat. § 1A-1, Rule 23 (2005). A class action suit may be brought "[i]f persons constituting a class are so numerous as to make it impracticable to bring them all before the court." N.C. Gen. Stat. § 1A-1, Rule 23(a) (2005). One or more of the potential class members, "as will fairly insure the adequate representation of all," may sue or be sued, on behalf of all. *Id.* The overarching objectives of the rule are "the efficient resolution of the claims or liabilities of many individuals in a single action and the elimination of repetitious litigation and possible inconsistent adjudications involving common questions, related events, or requests for similar relief." *English v. Holden Beach Realty Corp.*, 41 N.C. App. 1, 9, 254 S.E.2d 223, 230-31 (internal quotation marks and citation omitted), *disc. rev. denied*, 297 N.C. 609, 257 S.E.2d 217 (1979), *overruled on other grounds, Crow v. Citicorp Acceptance Co., Inc.*, 319 N.C. 274, 354 S.E.2d 459 (1987). Upon a motion for class certification pursuant to Rule 23, the trial court first must determine whether the party seeking certification has satisfied its burden of showing that the three prerequisites to certification have been met. *See id.* at 7, 254 S.E.2d at 230.

The first prerequisite to certification is the existence of a class. *See Crow*, 319 N.C. at 282, 354 S.E.2d at 465. "[A] 'class' exists under Rule 23 when the named and unnamed members each have an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members." *Id.* at 280, 354 S.E.2d at 464. Additionally, as mandated by Rule 23, the class members must be so numerous that it is impracticable to bring them

all before the court. N.C. Gen. Stat. § 1A-1, Rule 23(a) (2005). This numerosity prerequisite does not require that the party seeking certification must demonstrate the impossibility of joining class members, but rather the party must show "substantial difficulty or inconvenience in joining all members of the class." *Crow*, 319 N.C. at 283, 354 S.E.2d at 466.

In the case *sub judice*, plaintiff sought to certify a class of 376 Alamance County employees who, at the time the action was brought, had more than five, but less than twenty, years of employment with the county, and who might retire due to a non[-] work related disability and thus be denied county insurance benefits under the new ordinance. Upon remand, the trial court concluded that the potential class for consideration consisted of seven employees, including plaintiff, who had retired and were denied insurance benefits because they had less than twenty years of service. However, the trial court declined to certify plaintiff's proposed class of 376 employees because the identity and number of individuals who might retire under such conditions was unknown and could not be known. In *Faulkenbury v. Teachers' & State Employees' Retirement System*, our Supreme Court held that the trial court did not abuse its discretion in refusing to certify a class whose members were unknown at the time of the action. 345 N.C. 683, 699, 483 S.E.2d 422, 432 (1997) (certifying class of three government employees in action challenging calculation of disability benefits, but refusing to certify members of two state retirement systems who might become disabled in the future). Thus, it was not an abuse of discretion in the instant case for the trial court to refuse to certify employees who were unknown and could not be known at the time the action was brought.

As the potential class numbered only seven individuals, the trial court concluded that plaintiff failed to establish that the potential class would be so numerous as to make it impracticable to bring each member before the court. Further, the court concluded that plaintiff failed to establish that common issues of law and fact predominated over individual issues such that certifying the class would accomplish the goal of preventing a multiplicity of suits or inconsistent results. The court's conclusions of law were predicated on findings of fact numbers 10, 11, and 12, to which plaintiff assigned error. These findings of fact state:

10. Plaintiff has not shown that any County of Alamance employee, other than himself, applied for, and was approved for, retirement benefits . . . at a time when the County of

Alamance policy provided that the County would provide Insurance Benefits to employees who retired with a non[-]work related disability after five years of service, but was later denied County Insurance Benefits due to the new ordinance that was approved on August 15, 1999 with a retroactive effective date of July 1, 1999.

11. As of July 24, 2003 there were six County of Alamance employees (not including Plaintiff) that retired after August 1999, due to a non-work related disability who had less than twenty years of employment who were denied Insurance Benefits with the County under the new ordinance.

12. As of July 24, 2003 there were 376 County of Alamance employees who had been employed with the County for more than five years, but less than twenty years. The number and names of these employees who will eventually retire due to a non-work related disability prior to having worked for the County for twenty years is unknown and cannot be known at this time.

In reviewing these findings of fact, we are bound by the trial court's findings of fact if they are supported by competent evidence. *See Nobles*, 108 N.C. App. at 132, 423 S.E.2d at 315. "Such findings must be made with sufficient specificity to allow effective appellate review." *Id.* at 133, 423 S.E.2d at 316.

Plaintiff's amended complaint and his deposition demonstrate that plaintiff submitted a claim for retirement disability on 21 July 1999, and his claim was approved on 11 August 1999, with a retroactive effective date of 1 August 1999. At the time plaintiff's retirement was approved, no changes had been made to the county's insurance policy. The new ordinance amending the policy was not approved until 16 August 1999, after the plaintiff had retired. Joanne Garner ("Garner"), the Human Resources Director for Alamance County at the time the action was brought, stated in her 24 July 2003 deposition that only seven employees had actually retired who did not qualify for insurance due to the new ordinance. Garner testified that the six employees (excluding plaintiff) who were denied insurance benefits retired after the county's policy was amended, and thus their vested plans differed from plaintiff's. Moreover, plaintiff's counsel admitted at the first hearing on class certification that the numerosity requirement might be problematic for plaintiff's case, because the trial court would have to certify an undefined number of people who might eventually retire due to non-work related disability.

This evidence, which was before the court when it rendered its order upon remand, demonstrates that the only potential class for certification consisted of seven individuals who had been denied benefits. Six of these individuals retired after the plan was changed; plaintiff retired prior to the change. Thus, the plaintiff and the other six employees were denied benefits under two different sets of circumstances. As such, plaintiff's claim and the other six employees' claims are disparate in law and fact because their potential claims derive from potentially different insurance plans. The evidence supports the trial court's findings of fact, and the findings further support the court's conclusions that plaintiff failed (1) to satisfy the numerosity requirement for certification, and (2) to establish that common issues of law and fact predominated over individual issues.

In addition to the aforementioned requirements, a plaintiff seeking class certification must establish that he is an adequate representative of the potential class, a mandate specifically imposed by Rule 23 and further directed under North Carolina case law. *See Faulkenbury*, 345 N.C. at 698, 483 S.E.2d at 432; *Crow*, 319 N.C. at 282, 354 S.E.2d at 465. As an adequate representative of the potential class, a plaintiff also must establish that he has no conflict of interest with any member of the class who is not a named party, "so that the interests of the unnamed class members will be adequately and fairly protected." *Crow*, 319 N.C. at 282, 354 S.E.2d at 465.

In *Harrison v. Wal-Mart Stores, Inc.*, this Court upheld the denial of class certification, based upon, *inter alia*, the trial court's finding that a conflict of interest existed between class members who each had different oral contracts with their employer for lunch and rest breaks. 170 N.C. App. 545, 554-55, 613 S.E.2d 322, 329-30 (2005). This Court further agreed with the trial court's conclusion that individual issues predominated as to the formation of the employees' oral contracts, and held that the trial court did not abuse its discretion in denying class certification. *See id.* at 550-54, 613 S.E.2d at 327-29.

In the case *sub judice*, plaintiff assigned error to findings of fact numbers 14 and 15, which support the trial court's conclusions that plaintiff failed to establish that he was an adequate representative of the potential class and that he has no conflict of interest with the other members. These findings state:

14. Since Plaintiff is the only potential class member who retired prior to the vote of the Commissioners to change the plan, he has a conflict of interest with the other potential class members who

retired due to a non[-]work related disability after the new plan was voted on and took effect. Plaintiff has additional and different arguments for recovery that are different from and in conflict with the other potential members of the class as to when and why his contractual rights would have allegedly vested and which plan was in effect at his or her date of retirement.

15. None of the other potential class members are similarly situated with Plaintiff because he is the only potential class member whose retirement date was approved prior to the vote to change the County plan.

We disagree with plaintiff's argument that the findings are unsupported by competent evidence. Plaintiff's amended complaint and deposition, along with the deposition of Garner, indicate that different insurance plans were in effect when plaintiff and the other potential class members were denied benefits. Just as the employees' contracts in *Harrison* created a conflict of interest, the class members here have different claims and arguments for recovery because their contractual rights existed under different insurance plans. Accordingly, as plaintiff's individual claim for relief is different from the other members of the potential class, plaintiff cannot be an adequate representative of the class.

Further indicative of the potential class members' disparate claims is the expected variance in their damages. Plaintiff assigned error to finding of fact number 13, which states that "[s]ince each potential class member will necessarily have different amounts of medical expenses that they may allege as damages—ranging from $00.00 to unknown amounts, one would expect a large variance in damages among potential the class members." Although the existence of congruent damages is not an absolute prerequisite for class certification, "[t]he trial court has broad discretion in determining whether class certification is appropriate . . . and is not limited to those prerequisites which have been expressly enunciated in either Rule 23 or in *Crow*." *Nobles*, 108 N.C. App. at 132, 423 S.E.2d at 315. In his deposition on 3 September 2003, plaintiff stated that he had incurred medical bills, but could not recall either the basis for or the amount of the bills. Plaintiff also stated that he had not attempted to obtain other health insurance, and that he did not know of any detrimental effect on his credit rating. There is no evidence as to the amount of monetary damages, if any, that the other six potential class members suffered. As such, the damages of the potential class could

be expected to vary greatly, and thus denial of class certification was warranted by the trial court. *See Perry v. Cullipher*, 69 N.C. App. 761, 763, 318 S.E.2d 354, 356 (1984).

Plaintiff failed to satisfy the prerequisites for class certification delineated in Rule 23 as well as *Crow* and its progeny. The trial court's conclusions were supported by its findings, and its findings were supported by competent evidence in the record. In sum, the trial court's ruling was not "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 199, 540 S.E.2d 324, 331 (2000) (internal quotation marks, citations, and alteration omitted). Accordingly, we hold that the trial court did not abuse its discretion in denying plaintiff's motion for class certification.

Affirmed.

Judge HUNTER concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge, dissenting.

For the reasons stated in *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 183 N.C. App. ——, —— S.E.2d —— (2007) and in the dissenting opinion in *McKinley Bldg. Corp. v. Alvis*, 183 N.C. App. ——, —— S.E.2d —— (2007), I agree with defendant's argument to dismiss plaintiff's appeal for multiple rules violations of and his failure to comply with the North Carolina Rules of Appellate Procedure after notice. I respectfully dissent.

## I. Appellate Rule Violations

The majority's opinion correctly states plaintiff violated Rule 28(b)(6) and Rule 10(c) of the North Carolina Rules of Appellate Procedure. Defendant identified and argued plaintiff's appeal should be dismissed for multiple appellate rule violations in his brief. Plaintiff failed to respond to defendant's arguments or to take any further action to explain or remedy these violations.

"The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.'" *Viar v. N.C. DOT*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d

298, 299 (1999)). I find merit in defendant's argument that plaintiff's appeal should be dismissed. *See Dogwood Dev. & Mgmt. Co., LLC*, 183 N.C. App. at ——, —— S.E.2d at —— (Dismissing defendant's appeal for violation of Appellate Rules 28(b) and 10(c)).

In *Stann v. Levine*, this Court dismissed the appeal in part because the appellant failed to state an applicable standard of review. 180 N.C. App. 1, 5, 636 S.E.2d 214, 216 (2006). Also, in *State v. Summers*, this Court dismissed one of the appellant's arguments because of his failure to include a statement of the applicable standard of review. 177 N.C. App. 691, 700, 629 S.E.2d 902, 908, *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006). Plaintiff's failure to adequately state the applicable standard of review for the question presented violates Appellate Rule 28(b)(6) and warrants dismissal of his appeal.

## II. Appellate Rule 2

When it is apparent that a party has violated the Rules of Appellate Procedure, we must determine what sanction, if any, is appropriate and whether to apply Rule 2 of the North Carolina Rules of Appellate Procedure to overlook the appellant's appellate rule violations and review the merits of their appeal. *State v. Hart*, 361 N.C. 309, ——, —— S.E.2d ——, —— (2007). I would decline to do so.

Nothing in the record or briefs demonstrates the need to disregard plaintiff's rule violations "[t]o prevent manifest injustice" or "to expedite decision in the public interest." N.C.R. App. P. 2 (2007). Unlike in *Hart*, this is a civil case and plaintiff's appeal contains multiple violations, not a single violation. 361 N.C. at 316, —— S.E.2d at —— ("Although this Court has exercised Rule 2 in civil cases . . . the Court has done so more frequently in the criminal context when severe punishments were imposed."). "[T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361. Also here, unlike in *Hart*, defendant identified the violations, argues for dismissal, and this Court would not be dismissing *ex mero moto. Id.* Plaintiff took no action, after notice of the violations, to remedy the defects.

## III. Conclusion

Plaintiff failed to make any showing, and the record does not indicate any reasons, to invoke this Court's discretionary exercise

under Appellate Rule 2. In the exercise of our discretion, we should not disregard plaintiff's multiple and egregious violations of the appellate rules and invoke Appellate Rule 2 under the circumstances at bar. *Dogwood Dev. & Mgmt. Co., LLC*, 183 N.C. App. at ——, —— S.E.2d at ——. I respectfully dissent.