JOHN FLETCHER MEADOWS, ET. UX., KATHLEEN PAIGE McILROY MEADOWS, PLAINTIFFS v. IREDELL COUNTY AND ROWAN COUNTY, DEFENDANTS

No. COA07-596

(Filed 18 December 2007)

## 1. Appeal and Error— failure to include transcript references—failure to state standard of review

Where plaintiffs' brief included only one reference to the transcript or record pages in over five pages, and did not state the appropriate standard of review, plaintiff's counsel was admonished pursuant to Appellate Rule 34 (b)(3) to be more diligent.

## 2. Counties— standing—change in county boundaries—property purchased after change

Plaintiffs suffered no injury and lacked standing where they alleged that a statute allowing counties to fix their own boundaries was unconstitutional, but the change occurred in 1992 and plaintiffs did not buy their property until 1999. The deed book indicated that the land was in two counties, and there was no change in the status of the property during plaintiffs' ownership. They could not pursue a class action for the same reason.

Appeal by plaintiffs from an order entered 21 February 2007 by Judge Nathaniel J. Poovey in Iredell County Superior Court. Heard in the Court of Appeals 15 November 2007.

*David P. Parker, P.L.L.C., by David P. Parker, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James R. Morgan, Jr. and Robert T. Numbers, II, for defendant-appellee Iredell County.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor and Daniel DeCicco, for defendant-appellee Rowan County.*

JACKSON, Judge.

John Fletcher Meadows and Kathleen Paige McIlroy Meadows ("plaintiffs") appeal the dismissal of their claims against Iredell and Rowan Counties ("defendants") on 21 February 2007. For the following reasons, we affirm.

Defendants' County Commissioners passed a resolution on 7 July 1992 to establish by consent the common boundary of the respective counties. Plaintiffs purchased land along the common county line on 15 February 1999. The Iredell deed book showed the land was situated in both Iredell and Rowan counties. In 2004, plaintiffs were notified that a portion of their property was located in Rowan County.

Plaintiffs filed their complaint in Iredell County on 23 October 2006 alleging the statute allowing counties to fix their own boundaries was unconstitutional on its face and as applied. They also alleged violations of their due process rights and sought class certification, a return of the county line to its 1789 position, and monetary compensation.

Defendant Iredell County filed a motion to dismiss pursuant to North Carolina General Statutes, section 1A-1, Rule 12(b)(6) on 28 December 2006. Defendant Rowan County filed a similar motion on 3 January 2007. The motions were heard on or about 19 February 2007 and granted by order filed 21 February 2007. Plaintiffs appealed.

[1] As a preliminary matter, we note that the North Carolina Rules of Appellate Procedure require the appellant's brief to include a nonargumentative statement of the facts, "supported by references to pages in the transcripts of proceedings, the record on appeal, or exhibits, as the case may be." N.C. R. App. P. 28(b)(5) (2007). Plaintiff's brief contains only one such reference in over five pages. In addition, the brief contains no statement of the appropriate standard of review.

> The argument shall contain a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented.

N.C. R. App. P. 28(b)(6) (2007). It is well-established that the Appellate Rules are mandatory, and failure to comply with them subjects the appeal to dismissal. *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007). However, as this Court was reminded in *Hart*, every violation of the rules does not require dismissal; sanctions pursuant to Rules 25(b) or 34 may be appropriate. *Id.* Pursuant to Rule 34(b)(3), we elect to admonish plaintiff's counsel to exercise more diligence in preparing briefs for this Court.

[2] When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, we must decide

"whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979)). Rule 12(b)(6) " 'generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.' " *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) (quoting *American Dairy Queen Corp. v. Augustyn*, 278 F. Supp. 717, 721 (N.D. Ill. 1967)). One such bar to recovery is a lack of standing, which may be challenged by a motion to dismiss for failure to state a claim upon which relief may be granted. *See, e.g., Krauss v. Wayne County DSS*, 347 N.C. 371, 373, 493 S.E.2d 428, 430 (1997) ("The 12(b)(6) motion was made on the basis that plaintiff did not have standing . . . .").

Although North Carolina courts are not bound by the "case or controversy" requirement of the United States Constitution with respect to the jurisdiction of federal courts, similar "standing" requirements apply "to refer generally to a party's right to have a court decide the merits of a dispute." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002), *disc. rev. denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). In *Neuse River*, this Court defined "[t]he 'irreducible constitutional minimum' of standing" as:

(1) "injury in fact"—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 364 (1992)). Parties without standing to bring a claim, cannot invoke the subject matter jurisdiction of the North Carolina courts to hear their claims. *Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, *disc. rev. denied*, 359 N.C. 632, 613 S.E.2d 688 (2005). In most cases, the issue of standing depends on whether the party has suffered an "injury in fact." *Neuse River*, 155 N.C. App. at 114, 574 S.E.2d at 52. *See also, Dunn v. Pate*, 334 N.C. 115, 119-20, 431 S.E.2d 178, 180-81 (1993); *Strates Shows, Inc. v. Amusements of America, Inc.*, 184 N.C. App. 455, 460, 646 S.E.2d 418, 423 (2007); *Coker v. DaimlerChrysler Corp.*,

172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005), *aff'd*, 360 N.C. 398, 627 S.E.2d 461 (2006) (*per curiam*).

Paragraph twenty-five of plaintiffs' complaint alleges that the subject resolution was passed on or about 7 July 1992. Paragraph twenty-eight alleges that plaintiffs purchased the subject property on 15 February 1999, and that the deed book indicated the property was situated in both Iredell and Rowan counties. Notwithstanding plaintiffs' allegation that they were not informed of the change in the county line until 2004, the complaint alleges facts which would put plaintiffs on notice that the property was located in both Iredell and Rowan counties. During their ownership, there has been no change to the status of their property. Any change was made long before plaintiffs purchased the subject property. Therefore, plaintiffs suffered no injury in fact due to the resolution between defendants fixing the county line.

Having suffered no injury in fact, plaintiffs lack standing to invoke the subject matter jurisdiction of our State courts. Plaintiffs stated at oral argument that their complaint sought class certification and that their claims were dismissed prior to certification of the class. If permitted to proceed, they argued that there would be many plaintiffs who owned property when the resolution was passed and any standing issue would be cured. This argument presumes that the class in fact could be certified.

Rule 23 of the North Carolina Rules of Civil Procedure governs class actions. It states in pertinent part: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued. . . ." N.C. Gen. Stat. § 1A-1, Rule 23(a) (2005). "The purpose of this requirement is to assure the adequacy of the representation afforded the class. As is obvious from the wording of the statute, one who is not a member of the represented class may not bring a class action representing that class." *Carnahan v. Reed*, 53 N.C. App. 589, 591, 281 S.E.2d 408, 410 (1981).

In *Peverall v. County of Alamance*, 184 N.C. App. 88, 645 S.E.2d 416 (2007), a retired county employee sought class certification for all those employees who were, or would be, denied retirement benefits due to a retroactive change in the county's retirement policy. The trial court found that there were only seven former employees affected by the policy change. Further, the named plaintiff and the other six former employees were denied benefits under different circumstances.

The named plaintiff initially had been awarded benefits, but subsequently denied benefits because the change was made effective retroactively. The other six former employees had never been awarded benefits. This Court affirmed the trial court's denial of class certification and held that

> plaintiff's claim and the other six employees' claims are disparate in law and fact because their potential claims derive from potentially different insurance plans. The evidence supports the trial court's findings of fact, and the findings further support the court's conclusions that plaintiff failed . . . to establish that common issues of law and fact predominated over individual issues.

*Id.* at 93, 645 S.E.2d at 421.

In the case *sub judice,* plaintiffs did not own property along the Iredell-Rowan county line in 1992. Therefore, they cannot adequately represent the interests of potential class members who did own property along the county line in 1992 when the line was redrawn.

Because the face of plaintiffs' complaint alleged facts presenting an insurmountable bar to recovery, and plaintiffs were not suitable to represent the proposed class, the dismissal of their claims was proper.

Affirmed.

Judges TYSON and STROUD concur.