NO. COA13-809

NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014


ALLEN TOBY HEDGEPETH AS TRUSTEE
UNDER THE ALLEN TOBY HEDGEPETH
DECLARATION OF TRUST, DATED MAY
30, 2001,
    Plaintiff,

    v.                                    Currituck County
                                          No. 11 CVS 49
PARKER'S LANDING PROPERTY OWNERS
ASSOCIATION, INC.,
    Defendant.


    Appeal by plaintiff from order entered 17 January 2013 by

Judge Marvin K. Blount, III in Currituck County Superior Court.

Heard in the Court of Appeals 22 January 2014.


    *Vandeventer Black LLP, by Norman W. Shearin and Ashley P. Holmes, for plaintiff-appellant.*

    *Thompson & Pureza, P.A., by C. Everett Thompson, II, and David R. Pureza, for defendant-appellee.*

    *Ward and Smith, P.A., by Eric J. Remington, Amicus Curiae, for defendant-appellee Betty P. Lewis.*

    *Boxley, Bolton, Garber & Haywood, L.L.P., by Ronald H. Garber, Amicus Curiae, for defendant-appellee Maxine A. Easton.*


    STEELMAN, Judge.

The trial court did not abuse its discretion in denying the motion of Allen Toby Hedgepeth (Hedgepeth) for class certification.

## I. Factual and Procedural Background

The facts and procedural background of this case are set forth in the companion case of *Hedgepeth v. Parker's Landing* (COA 13-914).

## II. Interlocutory Appeal

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

"[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*,

360 N.C. 53, 619 S.E.2d 502 (2005). "The *denial* of class certification has been held to affect a substantial right because it determines the action as to the unnamed plaintiffs." *Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 193, 540 S.E.2d 324, 327 (2000).

In the instant case, we hold that Hedgepeth's appeal of the denial of the motion for class certification is properly before us.

### III. Denial of Class Certification

In his first argument, Hedgepeth contends that the trial court erred in denying class certification. We disagree.

### A. Standard of Review

"The standard of review for class certification is whether the trial court's decision constitutes an abuse of discretion." *Peverall v. Cty. of Alamance*, 184 N.C. App. 88, 91, 645 S.E.2d 416, 419 (2007). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

## B. Analysis

Hedgepeth filed a motion and an amended motion to certify a class of defendants, consisting of the individual lot owners, as represented by the Parker's Landing Property Owners' Association, Inc. (POA). On 17 December 2012, the trial court conducted a hearing on these motions. On 17 January 2013, the trial court denied Hedgepeth's motion to certify a class or, in the alternative, to find that POA represented its members.

In its order denying Hedgepeth's motion, the trial court found that:

> 3. The individual lot owners do not own Parker's Landing Drive, but under the covenants of the subdivision have a right to utilize Parker's Landing Drive.
>
> 4. The Court notes that some lot owners can access their property without utilizing the portion of Parker's Landing Drive claimed by plaintiff, while others could not.
>
> . . .
>
> 6. Based on the evidence before the court, the court cannot find that the named defendant (POA) and the unnamed members each have an interest in either the same issue of law or of fact.
>
> 7. The plaintiff has moved to have the POA serve as the representative of the members and/or the class representative. The POA has

informed the court that it does not consent to having it be the defendant class representative or otherwise represent the individual property owners in this case.

8. The POA is bound by an Order entered on June 5, 2009 by the U.S. District Court for the Eastern District of North Carolina in a case entitled Allen Toby Hedgepeth, as Trustee under the Allen Toby Hedgepeth Declaration of Trust, dated May 30, 2001 v. Parker's Landing Property Owners' Association, Inc. (the "Federal Court Order").

9. The individual lot owners are not bound by the Federal Court Order and they have the right to assert defenses and raise issues which may no longer be available to the POA.

10. The attorney for Betty Lewis, owner of lot #14 and member of the POA, informed the court that Betty Lewis would not consent to having the POA be the class representative for her.

11. The attorney for Maxine Easton, owner of lot #15 and member of the POA, informed the court that Maxine Easton would not consent to having the POA be the class representative for her.

12. The court finds that based on the potential conflicts between the POA and the individual lot owners and members of the POA, that the POA would not be an adequate representative of the individual property owners.

13. Plaintiff alleges that the members of the class would all be property owners in Parker's Landing subdivision. Plaintiff previously has filed actions against at least fourteen (14) individual lot owners.

Rather than filing one action and naming all interested parties in that action, plaintiff chose to file separate actions against the POA and each of these lot owners. Plaintiff was able to obtain service on all of the individuals named in previous actions. The court has consolidated all of the pending lawsuits for trial.

Based upon its findings, the trial court concluded that:

1.    The court concludes that the POA cannot fairly and adequately represent the interest of the all [sic] members of the potential class.

2.    The court concludes that a conflict of interest exists between the POA and the members of the class who are not named parties so that the interest of the unnamed class members cannot be adequately and fairly protected.

3.    The court concludes that the plaintiff has failed to demonstrate substantial difficulty or inconvenience in joining all the members of the requested class. Thus, the plaintiff has failed to show that it would be impracticable to join all the members of the class.

4.    The Court concludes that the plaintiff has failed to meet his burden to certify a class action.

Upon review of the record, we hold that the trial court's denial of Hedgepeth's motion was not "manifestly unsupported by reason" or "so arbitrary that it could not have been the result of a reasoned decision."  We hold that the trial court did not

abuse its discretion in denying Hedgepeth's motion to certify a class.

This argument is without merit.

## IV. Federal Court Order

In his second argument, Hedgepeth contends that the individual lot owners are bound by the federal court order. As we have addressed this issue in the companion case of *Hedgepeth v. Parker's Landing* (COA 13-914), we need not address this argument here, and incorporate by reference our holdings in that case.

AFFIRMED.

Judges STEPHENS and DAVIS concur.