BRYANT, Judge.
 

 *8
 
 Where the sole representative in a class action lacked a genuine personal interest in the outcome of the case and the unifying interests of the class was not temporary or
 
 *866
 
 unlikely to be resolved before the claim was heard, we affirm the trial court's dismissal of the class action complaint.
 

 On 23 August 2011, before receiving treatment for an emergency procedure at Moses H. Cone Memorial Hospital (hereinafter "Moses Cone"), Christopher Chambers (hereinafter "Chambers") signed Moses Cone's Patient Consent form. The form stated "I understand that I am financially responsible for, guarantee and agree to pay in full, in accordance with
 
 the regular rates and terms
 
 of [Moses Cone] at the time of patient's
 
 *9
 
 treatment, for charges for all services provided to me by [Moses Cone] ...." (Emphasis added). Moses Cone billed Chambers $14,578.14 for services rendered and materials provided during his stay at the hospital. When the bill went uncollected, Moses Cone sued Chambers and his wife in Guilford County District Court.
 

 Chambers filed a class action complaint against Moses Cone in Guilford County Superior Court. Chambers alleged that Moses Cone charged inflated prices for emergency care services provided to uninsured patients. Within the hospital industry, a hospital's list of gross billing rates for products and services is referred to as a "chargemaster" list. However, these rates can be negotiated by insurance companies, managed care organizations, and uninsured patients seeking elective treatments. Chambers alleged that uninsured patients seeking emergency care procedures were charged the chargemaster price for products and services. Chambers argued that the Moses Cone emergency room Patient Consent Form's reference to "regular rates and terms" could not be made certain and were, therefore, governed by contract principles allowing Moses Cone to recover no more than "reasonable value" for its services and materials. Chambers contended that the reasonable value of the services he received was less than one-half of the amount Moses Cone charged. Chambers sought relief from Moses Cone under several theories, including: breach of contract, breach of covenant of good faith and fair dealing, constructive trust, declaratory judgment, restitution, and injunction.
 

 Moses Cone answered Chambers's class action complaint and counter claimed against Chambers and his wife,
 
 [1]
 
 as well as the putative class, seeking relief for unrecovered balances for the cost of services rendered.
 

 On 1 April 2016, Chambers filed an amended class action complaint seeking only a declaratory judgment that Moses Cone's Patient Consent form, obligating a patient to pay Moses Cone "in accordance with
 
 the regular rates and terms
 
 " applicable at the time of the patient's treatment, entitled Moses Cone to no more than the reasonable value of the treatment or services provided. Moses Cone subsequently dismissed with prejudice its counterclaims against Chambers and his wife and also dismissed its district court action against Chambers and his wife. Moses Cone then moved to dismiss Chambers's amended class action complaint with prejudice on the basis of Rule 12(b)(1).
 

 *10
 
 In an order entered 16 March 2017, the trial court dismissed Chambers's amended complaint on the basis of mootness: There was no longer a controversy between the parties, and the case did not fit within an exception that allowed a moot claim to proceed. Chambers appeals.
 

 _________________________
 

 On appeal, Chambers argues that the trial court erred by concluding that Moses Cone's dismissal of its counterclaims defeated Chambers's right to continue prosecuting the putative class action. We disagree.
 

 Rule 23 of our Rules of Civil Procedure provides that "[i]f persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued." N.C. Gen. Stat. § 1A-1, Rule 23(a) (2017).
 

 *867
 
 [P]rerequisites for bringing a class action ... [include] that ... the named representatives must establish that they will fairly and adequately represent the interests of all members of the class; [and] ... the named representatives must have a genuine personal interest, not a mere technical interest, in the outcome of the case ....
 

 Faulkenbury v. Teachers' & State Emps' Ret. Sys. of N.C.
 
 ,
 
 345 N.C. 683
 
 , 697,
 
 483 S.E.2d 422
 
 , 431 (1997) ;
 
 see also
 

 Crow v. Citicorp Acceptance Co.
 
 ,
 
 319 N.C. 274
 
 , 282-83,
 
 354 S.E.2d 459
 
 , 465 (1987) ;
 
 Harrison v. Wal-Mart Stores, Inc.
 
 ,
 
 170 N.C. App. 545
 
 , 548,
 
 613 S.E.2d 322
 
 , 325-26 (2005).
 

 The party seeking to bring a class action under Rule 23(a) has the burden of showing that the prerequisites to utilizing the class action procedure are present. ...
 

 The named representatives also must establish that they will fairly and adequately represent the interests of all members of the class. This prerequisite is a requirement of due process.
 
 See
 

 Hansberry v. Lee
 
 ,
 
 311 U.S. 32
 
 , 45,
 
 61 S.Ct. 115
 
 , 119-120,
 
 85 L.Ed. 22
 
 , 29 (1940) (discussing F. R. Civ. P. 23 ).
 

 Crow
 
 ,
 
 319 N.C. at 282
 
 ,
 
 354 S.E.2d at 465
 
 .
 

 "Although North Carolina courts are not bound by the 'case or controversy' requirement of the United States Constitution with respect to the jurisdiction of federal courts, similar 'standing' requirements apply 'to refer generally to a party's right to have a court decide the merits of a dispute.' "
 

 *11
 

 Meadows v. Iredell Cty.
 
 ,
 
 187 N.C. App. 785
 
 , 787,
 
 653 S.E.2d 925
 
 , 927-28 (2007) (citation omitted). "As is obvious from the wording of [ Rule 23 ], one who is not a member of the represented class may not bring a class action representing that class."
 
 Id.
 
 at 788,
 
 653 S.E.2d at 928
 
 (citation omitted);
 
 see also
 

 id.
 
 at 789,
 
 653 S.E.2d at 929
 
 (affirming a trial court's dismissal of a class action in part because "[the] plaintiffs were not suitable to represent the proposed class");
 
 Laborers' Int'l Union of N. Am., AFL-CIO v. Case Farms, Inc.
 
 ,
 
 127 N.C. App. 312
 
 , 315,
 
 488 S.E.2d 632
 
 , 635 (1997) ("[ Rule 23 ] does not grant or deny standing to parties. Rather than providing a basis for standing, this statute allows a party who is entitled to sue to bring suit on behalf of itself and other parties in the form of a class action." (citation omitted) ).
 

 Here, per the Amended Class Action Complaint,
 

 [Chambers] [brought] this action on behalf of himself and a class of all persons similarly situated, as defined as follows:
 

 All individuals (or their guardians or representatives) who within four years of the date of the filing of the Complaint in this action and through the date that the [c]ourt certifies the action as a class action (a) received emergency care medical treatment at [Moses Cone] ...; (b) whose bills were not paid in whole or in part by commercial insurance or a governmental healthcare program; and (c) who were not granted a full discount or waiver under [Moses Cone's] charity policies or otherwise had their bills permanently waived or written off in full by [Moses Cone].
 

 Chambers alleged that on 23 August 2011 he went to the emergency room at Moses Cone for an emergency medical procedure; at the time, he was uninsured. Chambers was subject to Moses Cone's standard contract terms and provisions, which stated that he was obligated to pay the hospital's bill "in accordance with the regular rates and terms of [Moses Cone]." The total payment billed to Chambers after his discharge was $14,458.14 and "upon information and belief such amount was based on 100% of the hospital's Chargemaster rates. [Moses Cone] [has] not written off, discounted or adjusted said billing." Chambers alleged that his claims "are typical of the claims of the [proposed] Class" and that "[he] is a member of the [proposed] Class as defined." Furthermore, Chambers alleged that he "will fairly and adequately represent and protect the interest of the Class. He shares the same interests as all Class members in having the Contract interpreted and in preventing
 
 *12
 
 [Moses Cone] from pursuing collection of accounts based on billing at its Chargemaster rates."
 

 However, after Chambers amended the proposed class complaint on 1 April 2016 to assert only one cause of action-declaratory
 
 *868
 
 judgment as to the interpretation of an open price term contained in Moses Cone's Patient Consent form signed by self-pay emergency care patients-and removed all other previous claims, such as breach of contract, breach of covenant of good faith and fair dealing, constructive trust, restitution, and injunction, Moses Cone ceased its efforts to collect Chambers's outstanding balance. On 18 May 2016, Moses Cone dismissed with prejudice all counterclaims against Chambers and his wife filed in response to the proposed class action complaint as well as the District Court action against Chambers and his wife for recovery of Chambers's $14,358.14 outstanding balance due Moses Cone. Thus, Chambers no longer has an individual claim against Moses Cone, and neither Chambers nor his wife is subject to suit by Moses Cone for recovery of the outstanding balance owed for emergency medical services provided 23 August 2011. Chambers's bill has effectively been permanently waived or written off, and thus, Chambers is no longer a member of the proposed class he seeks to represent.
 
 See
 

 Faulkenbury
 
 ,
 
 345 N.C. at 697
 
 ,
 
 483 S.E.2d at 431
 
 ("[P]rerequisites for bringing a class action ... [include] that ... the named representatives must establish that they will fairly and adequately represent the interests of all members of the class; [and] ... the named representatives must have a genuine personal interest, not a mere technical interest, in the outcome of the case ....");
 
 Meadows
 
 ,
 
 187 N.C. App. at 788
 
 ,
 
 653 S.E.2d at 928
 
 ("As is obvious from the wording of [ Rule 23 ], one who is not a member of the represented class may not bring a class action representing that class." (citation omitted) ). "The general rule is that an appeal presenting a question which has become moot will be dismissed."
 
 Thomas v. N.C. Dep't of Human Res.
 
 ,
 
 124 N.C. App. 698
 
 , 705,
 
 478 S.E.2d 816
 
 , 820 (1996),
 
 aff'd
 
 ,
 
 346 N.C. 268
 
 ,
 
 485 S.E.2d 295
 
 (1997).
 

 Chambers contends that there are at least three exceptions to the mootness doctrine which preclude dismissal of his action: "cases in which termination of a class representative's claim does not moot the claims of the unnamed members of the class,"
 
 id.
 
 at 706,
 
 478 S.E.2d at 821
 
 (quoting
 
 Simeon v. Hardin
 
 ,
 
 339 N.C. 358
 
 , 371,
 
 451 S.E.2d 858
 
 , 867 (1994) ), "a defendant's voluntary cessation of a challenged practice does not deprive a ... court of its power to determine the legality of the practice,"
 
 id.
 
 at 705,
 
 478 S.E.2d at 820
 
 (alteration in original) (quoting
 
 City of Mesquite v. Aladdin's Castle, Inc.
 
 ,
 
 455 U.S. 283
 
 , 289,
 
 102 S.Ct. 1070
 
 , 1074,
 
 71 L.Ed. 2d 152
 
 , 159 (1982) ), and "the court has a 'duty' to address an otherwise moot
 
 *13
 
 case when the 'question involved is a matter of public interest,' "
 
 id.
 
 at 705,
 
 478 S.E.2d at
 
 821 (citing
 
 Matthews v. Dept. of Transp.
 
 ,
 
 35 N.C. App. 768
 
 , 770,
 
 242 S.E.2d 653
 
 , 654 (1978) ). We hold these exceptions do not apply in the instant case.
 

 Where our Supreme Court stated in
 
 Simeon
 
 that it believed the case before it belonged "to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class,"
 
 Simeon
 
 ,
 
 339 N.C. at 371
 
 ,
 
 451 S.E.2d at 867
 
 (citation omitted), the Court acknowledged there that the named plaintiff's challenged harm was "by nature temporary, and it [was] most unlikely that any given individual could have his ... claim decided ... before [his challenge was resolved]."
 

 Id.
 

 Here, Chambers does not raise a challenge that is by nature temporary or likely to be resolved before the claim could be heard. Therefore, this exception to the mootness doctrine is not applicable.
 

 As to the remaining grounds raised as exceptions to the basis for holding Chambers's action moot, we note that each is an exception to holding the class action moot.
 
 See
 

 Thomas
 
 ,
 
 124 N.C. App. at 705
 
 ,
 
 478 S.E.2d at 820
 
 ("[A] defendant's voluntary cessation of a challenged practice does not deprive a ... court of its power to determine the legality of the practice." (citation omitted) );
 
 id.
 
 at 705,
 
 478 S.E.2d at 821
 
 ("[T]he court has a 'duty' to address an otherwise moot case when the 'question involved is a matter of public interest.' " (citation omitted) ). We need not determine if the class action is now moot based on the conduct of Moses Cone or the public interest. The proposed class has but one representative-Chambers. And the sole class representative lacks a genuine personal interest in the outcome of the case.
 
 See
 

 *869
 

 Faulkenbury
 
 ,
 
 345 N.C. at 697
 
 ,
 
 483 S.E.2d at 431
 
 (requiring that a class representative have "a genuine personal interest ... in the outcome of the case"). Furthermore, Chambers has provided no authority which would allow the class action to proceed despite his lack of individual standing as class representative.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 23(a) ("[O]ne or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued."). Accordingly, we affirm the trial court's dismissal of Chambers's amended class action complaint.
 

 AFFIRMED.
 

 Judges DIETZ and BERGER concur.
 

 [1]
 

 N.C. Baptist Hosps. v. Harris
 
 ,
 
 319 N.C. 347
 
 , 349,
 
 354 S.E.2d 471
 
 , 472 (1987) ("It is well settled that 'doctrine of necessaries' applies to necessary medical expenses." (citation omitted) );
 
 id.
 
 at 353, 354 S.E.2d at 474 ("hold[ing] that a wife is liable for the necessary medical expenses provided for her husband").