Carnahan v. Reed

MARCENE CARNAHAN, NEXT OF KIN OF DONALD E. CARNAHAN v. AMOS E. REED, SECRETARY OF NORTH CAROLINA DEPARTMENT OF CORRECTION

No. 8010SC622

(Filed 1 September 1981)

**Convicts and Prisoners § 2; Rules of Civil Procedure § 23— prisoner's widow — no standing to sue**

Plaintiff, as widow and next of kin of a prisoner who took his own life while incarcerated, did not have standing to seek injunctive relief against defendant Secretary of Correction which would invalidate defendant's regulation limiting access to inmates' psychiatric and psychological evaluations, since plaintiff was not a member of the class of all prisoners or former prisoners which she claimed to represent and she therefore could not bring an action on behalf of that class of persons; nor was there any evidence in the record to indicate that plaintiff ever qualified as the personal representative of the deceased's estate so that she could bring suit upon any causes of action which survived her husband's death. G.S. 1A-1, Rule 23(a).

APPEAL by plaintiff from *Herring, Judge.* Order entered 25 April 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 29 January 1981.

Plaintiff is the widow and next of kin of Donald E. Carnahan. Donald Carnahan, while a prisoner incarcerated under the authority of the North Carolina Department of Correction, took his own life by the ingestion of lye.

Plaintiff brought this suit in her own behalf as the next of kin of the deceased, Donald Carnahan, on the behalf of all next of kin of deceased prisoners, and on the behalf of all prisoners or former prisoners, of the North Carolina Department of Correction. In her complaint, plaintiff sought injunctive relief against defendant which would invalidate defendant's regulation, 5 N.C. A.C. 2d .0601(b). That regulation provides:

Section .0600—*Access to Information/Inmate Records .0601 General* . . .

(b) Medical records, except for psychiatric and psychological evaluations of an inmate or former inmate, may be released to a physician, the legal representative of an inmate, or the personal representative of a deceased former inmate with the written consent of the person to whom such records pertain or the personal representative of such person if the inmate is

deceased. The content of psychiatric and psychological evaluations may be released to an attending psychologist, an attending psychiatrist, or a state or federal agency directly involved in mental health treatment upon written consent of the inmate involved.

Plaintiff alleged in her complaint that the proximate cause of her husband's death was the failure of defendant's employees in the North Carolina Department of Correction to provide the deceased with the minimally necessary psychiatric treatment for an individual suffering from psychosis. Plaintiff contended that because defendant's employees would not release the psychiatric records of her deceased husband to her, due to the restraints of 5 N.C. A.C. 2D .0601(b), neither she nor her counsel could ascertain whether she had a substantial claim for wrongful death against defendant's employees. Plaintiff alleged that defendant's regulation and the refusal of his employees to make available to her the psychiatric and psychological records of the deceased constituted violation of plaintiff's rights under G.S. 132-1 and 9, and denied her constitutional right of access to the courts.

In her prayer for relief, plaintiff asked for a preliminary injunction requiring defendant to provide to plaintiff the psychiatric and psychological records of deceased. She also asked for permanent injunctive relief in favor of the classes represented which would require defendant to provide psychiatric and psychological records on request, except where to do so would likely cause harm.

Defendant answered, asserting several defenses, and made a motion to dismiss plaintiff's complaint pursuant to G.S. 1A-1, Rule 12(b)(6). The trial court filed its order on 25 April 1980 allowing defendant's motion to dismiss. Plaintiff duly appealed from that order.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith (and summer intern Lex Allen Watson II), for the State.*

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for plaintiff appellant.*

Carnahan v. Reed

MORRIS, Chief Judge.

Initially, we must concern ourselves with the question of plaintiff's standing to bring this action. Plaintiff prosecutes her action in several different capacities. Plaintiff is not a member of the class of all prisoners or former prisoners which she claims to represent. Therefore, her complaint does fail to state a cause of action insofar as it pertains to that class. G.S. 1A-1, Rule 23, provides in part:

Class Actions.

(a) *Representation.* — If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued. . . .

The purpose of this requirement is to assure the adequacy of the representation afforded the class. As is obvious from the wording of the statute, one who is not a member of the represented class may not bring a class action representing that class. The record does not indicate that plaintiff is a prisoner nor does it indicate that she is a former prisoner. Therefore, she does not have the proper standing to bring this action on behalf of that class of persons. *See English v. Realty Corp.,* 41 N.C. App. 1, 7, 254 S.E. 2d 223, 230, *cert. denied,* 297 N.C. 609, 257 S.E. 2d 217 (1979), *citing* 7 Wright and Miller, Federal Practice and Procedure: Civil § 1765, p. 626.

There is nothing in the record to indicate that plaintiff ever qualified as the personal representative of the deceased's estate. G.S. 28A-18-1 provides:

*Survival of actions to and against personal representative.* — (a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate.

(b) The following rights of action in favor of a decedent do not survive:

(1) Causes of action for libel and for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

Under this section, all causes of action which had accrued in favor of Donald Carnahan survive his death, except the causes of action specified in subsection (b). The statute also designates the personal representative of the deceased as the person who may sue upon the surviving cause of action. *McIntyre v. Josey*, 239 N.C. 109, 79 S.E. 2d 202 (1953). *See also* G.S. 1A-1, Rule 17(a). Therefore, plaintiff simply as next of kin and as representative of the class of next of kin of deceased prisoners does not have standing to sue to enforce the constitutional rights of her husband or the class of deceased inmates which she claims were violated by the restrictions of 5 N.C. A.C. § 2D .0601(b).

Plaintiff maintains that as next of kin of her deceased husband she has property rights in his psychological and psychiatric records. This claim is not authoritatively supported, and we fail to see its validity. Assuming *arguendo* that her deceased husband did have property rights in his own psychological and psychiatric records, the authority to enforce these rights would have passed to the legal representative of his estate rather than to plaintiff.

Accordingly, we find that plaintiff did not have the necessary standing to maintain this cause of action. This renders moot her argument that she is entitled to a preliminary injunction. The trial court's order dismissing plaintiff's cause of action is

Affirmed.

Judges VAUGHN and BECTON concur.