WILLIAM POOLE AND HENRY PRIDGEN v. LOCAL 305 NATIONAL POST OFFICE MAIL HANDLERS, WATCHMAN, MESSENGERS AND GROUP LEADERS DIVISION OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, MEREDITH T. RICHARDSON, PRESIDENT, LOCAL 305 AND HODGES HAIRSTON, TREASURER, LOCAL 305

No. 8310DC926

(Filed 17 July 1984)

1. Associations § 5 — union officers — right to sue union

There was no merit to defendants' contention that plaintiffs could not maintain an action against defendant union because, as members of the union, they were essentially suing themselves, since G.S. 1-69.1 allows unincorporated associations to sue and be sued, and under this statute a union member may seek judicial relief from efforts by the union to deprive him of his legal rights.

**2. Associations § 1— union officers not employees**

Plaintiff officers were not "employees" of defendant union and thus were not entitled to exemplary damages and attorney fees under G.S. 95-25.22, since plaintiffs did not rely on the union for income and were not in fact employees, but instead merely expected reimbursement from it for time lost from their actual employment as postal workers as a result of time spent on union business.

APPEAL by defendants and plaintiffs from *Cashwell, Judge.* Judgment entered 14 April 1983 in District Court, WAKE County. Heard in the Court of Appeals 5 June 1984.

Plaintiffs, members and officers of defendant union, sued the union to recover for services performed and expenses incurred on its behalf. On a theory of implied contract, the trial court ordered defendants to pay the sums plaintiffs claimed.

Defendants appeal from that order. Plaintiffs appeal from the court's conclusion that they were not "employees" of defendant union and thus were not entitled to exemplary damages and attorney fees under G.S. 95-25.22.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Melinda Lawrence and Donnel Von Noppen, III, for plaintiffs.*

*Sanford, Adams, McCullough & Beard, by Charles C. Meeker, for defendants.*

WHICHARD, Judge.

DEFENDANTS' APPEAL

[1] Defendants first contend that plaintiffs may not maintain an action against defendant union because, as members of the union, they are essentially suing themselves. While this contention may have had validity under the common law, *see Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268 (1951), G.S. 1-69.1 now allows unincorporated associations such as unions to sue and be sued. Under this statute, a union member may seek judicial relief from efforts by the union to deprive him of his legal rights. *Gainey v. Brotherhood,* 252 N.C. 256, 266-67, 113 S.E. 2d 594, 602 (1960).

Defendants cite and rely on *Casualty Co. v. Griffin,* 46 N.C. App. 826, 266 S.E. 2d 18, *disc. rev. denied,* 301 N.C. 86 (1980), which held that a church, as an unincorporated association, may

not sue one of its own members in tort. In light of the foregoing authorities, we do not find *Casualty Co.* controlling.

The individual defendants argue that if members cannot sue the union, members likewise cannot sue them as officers of the union. Having held that the union is subject to suit by plaintiffs, it follows that the individual defendants also may be sued in their official capacities.

The individual defendants further argue that plaintiffs conferred services, if at all, prior to the time the individual defendants took office, and that therefore they could not be liable, in their official capacities, to plaintiffs. The individual defendants decided not to pay plaintiffs, however, when it was their duty as union officers to do so. Their actions as officers gave rise to plaintiffs' action, and they thus properly were named as defendants.

Defendants lastly contend the court erred in finding and concluding that defendant union had a policy of reimbursing its officers for annual and sick leave lost as a result of using leave without pay to perform union duties. The finding to that effect is supported, however, by plaintiffs' testimony, by evidence of the union's practices in prior years, and by the minutes of defendant union's executive board meeting on 28 April 1977. The finding in turn supports the conclusions regarding the sums defendants owed to plaintiffs. This contention is thus without merit.

### PLAINTIFFS' APPEAL

[2] Plaintiffs contend the court erred in concluding that they were not "employees" of defendant union and thus were not entitled to exemplary damages and attorney fees under G.S. 95-25.22. "[I]t is a basic rule . . . that the intent of the Legislature controls the interpretation of any statute." *Quick v. Insurance Co.*, 287 N.C. 47, 56, 213 S.E. 2d 563, 569 (1975). We do not believe the legislature intended that the term "employee," as defined in G.S. 95-25.2(4) and used in G.S. 95-25.22, cover the relationship between plaintiffs and defendant union. We thus uphold the court's conclusion.

Although defendant union listed the payments to plaintiffs as wages or salary on W2 forms, the payments actually constituted reimbursement to officers rather than wages to employees. According to union policy, plaintiffs were to be reimbursed for ex-

penses incurred on behalf of the union; compensated for time spent on union activities at a rate equal to their rate of pay from the United States Postal Service, which was their actual employer; and paid for annual or sick leave lost as a result of taking leave without pay to perform union business. Defendant union did not hire plaintiffs as employees; instead, by reimbursing duly elected union officials for income and benefits lost from their regular employment as a result of time spent on union business, it sought to enable them to perform their union duties without economic hardship.

While a broad construction of the term "employee" accords with the purpose of the Wage and Hour Act, Article 2A of Chapter 95 of the General Statutes, the economic reality of plaintiffs' situation is that they are not employees of defendant union. They do not rely on the union for income, but merely expect reimbursement from it for time lost from their actual employment as postal workers.

In an interpretation of the term "employee" contained in the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, upon which our Wage and Hour Act is based and which has the same definition of "employee," the Fifth Circuit stated that "[b]roader economic realities are determinative," and made its decision in accordance with the policy of protecting those who, as a matter of economic reality, are dependent upon the business to which they render service. *Usery v. Pilgrim Equipment Co., Inc.*, 527 F. 2d 1308, 1315, *cert. denied*, 429 U.S. 826, 50 L.Ed. 2d 89, 97 S.Ct. 82 (1976). The court stated: "It is *dependence* that indicates employee status." *Id.* at 1311. Plaintiffs were not dependent in any significant way upon defendant union. They earned their livelihood as postal workers, not by means of an implied contract for reimbursement from the union.

The trial court made findings, based on competent evidence, to the effect that plaintiffs took leave from their regular employment to perform services for defendant union in accordance with their duties as union officers. These findings support the conclusion that plaintiffs were not union employees within the meaning of the Wage and Hour Act, notwithstanding other findings that union policy prescribed payment of "officers and other employees" and that plaintiff Pridgen was appointed business agent pur-

suant to defendant Richardson's authority "to employ such . . . assistance as necessary." The "formalistic labels, subjective intent, or a good-faith belief" of the parties does not control; rather, "[t]he determination is to be made from . . . the economic realities of the work relationship." *Bonnette v. California Health and Welfare Agency*, 525 F. Supp. 128, 135 (N.D. Cal. 1981), *aff'd*, 704 F. 2d 1465 (9th Cir. 1983). The economic realities of the work relationship here are that plaintiffs were employees of the Postal Service, not of defendant union; and that defendant union's payments to plaintiffs constituted reimbursement to officers, not wages to employees.

Affirmed.

Judges ARNOLD and EAGLES concur.