LABORERS' INT'L UNION OF NORTH AMERICA, AFL-CIO v. CASE FARMS, INC.

[127 N.C. App. 312 (1997)]

be nothing more depraved or morally indefensible than conscious participation in the illicit drug traffic."). The Supreme Court of South Carolina, which similarly defines acts of moral turpitude as those involving "baseness, vileness, or depravity in private and social duties which man owes to his fellow man or to society in general," recently held trafficking in marijuana to be a crime involving moral turpitude. *Green v. Hewett*, 407 S.E.2d 651, 652 (S.C. 1991).

We hold as a matter of law that the felony of 'conspiracy to possess with intent to distribute marijuana' is a crime involving moral turpitude. Therefore, the trial court erred in its conclusion of law and the order of the trial court is hereby reversed. This matter is remanded to the superior court for subsequent remand to DMV with direction to reinstate DMV's order of 6 October 1995 consistent with our opinion herein.

Reversed and remanded.

Judges COZORT and MARTIN, John C., concur.

Judge Cozort participated in this opinion prior to his resignation on 31 July 1997.

———

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO; NATIONAL POULTRY WORKERS ORGANIZING COMMITTEE, AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO; ROBERTO SOLIZ VICENTE; ROBERTO MENDOZA; JOSE SAMUEL SOLIS; ESTEBAN SALINAS HERNANDEZ; JUAN IGNACIO MONTES; DANIEL RODRIGUEZ; CARMEN I. MIRANDA; FRANCISCO RAMIREZ R.J.; NOE GONZALEZ; JUAN RODRIGUEZ; FOR THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Plaintiffs v. CASE FARMS, INC., Defendant

No. COA96-1042

(Filed 19 August 1997)

## 1. Labor and Employment § 12 (NCI4th)— Wage and Hour Act—suit to recover wages due—no standing by unions

Labor unions were not employees under the Wage and Hour Act and thus did not have standing to bring suit on behalf of employee-members to recover wages allegedly due under the Act

LABORERS' INT'L UNION OF NORTH AMERICA, AFL-CIO v. CASE FARMS, INC.

[127 N.C. App. 312 (1997)]

since (1) no services were performed by the unions for defendant employer as there was no work relationship between the unions and defendant; (2) defendant did not exercise any control over the unions; and (3) any opportunity for profit or loss from the unions' relationship with defendant was indirect and not a product of an employer-employee relationship. Moreover, the General Assembly did provide for collective representation of employees by a third party under N.C.G.S. § 95-25.22(c) by allowing the Commissioner of Labor to bring suit on behalf of employees. N.C.G.S. § 95-25.22.

### 2. Parties § 70 (NCI4th)— class action statute—no grant or denial of standing

N.C.G.S. § 1A-1, Rule 23 allows a party who is entitled to sue to bring suit on behalf of itself and other parties in the form of a class action but does not grant or deny standing to parties.

Appeal by plaintiffs from an order entered 14 June 1996 by Judge J. Marlene Hyatt in Burke County Superior Court. Heard in the Court of Appeals 19 May 1997.

*Phyllis A. Palmieri for plaintiff-appellants.*

*Edwards, Ballard, Clark, Barrett and Carlson, P.A., by Terry A. Clark and Jonathan W. Yarbrough, for defendant-appellee.*

McGEE, Judge.

[1] Plaintiffs appeal from an order granting defendant's motion to dismiss the plaintiff unions for lack of standing to bring suit to recover wages alleged to be owed to plaintiff employees by defendant. Defendant is a poultry processing plant in Morganton, North Carolina. Laborers' International Union of North America (LIUNA) and National Poultry Workers Organizing Committee (NPWOC) and ten employees of defendant are parties to this action.

The main issue in this case is whether the plaintiff unions have standing to bring suit on behalf of the plaintiff employees under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.22 (1993).

The Wage and Hour Act states that an action to recover unpaid wages "may be maintained in the General Court of Justice by any one or more employees" or by the Commissioner of Labor "at the request

314 IN THE COURT OF APPEALS

LABORERS' INT'L UNION OF NORTH AMERICA, AFL-CIO v. CASE FARMS, INC.

[127 N.C. App. 312 (1997)]

of the employees affected." N.C.G.S. § 95-25.22(b)(c). The Wage and Hour Act's definition section states: "(3) 'Employ' means to suffer or permit to work. (4) 'Employee' includes any individual employed by an employer." N.C.G.S. § 95-25.2(3)(4). Plaintiffs argue that a union is included in the statute's definition of "employee" because the word "*includes*" does not limit the meaning of "employee" to individuals. We disagree.

The North Carolina Wage and Hour Act is modeled after the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 (1938). In *Poole v. Local 305 Nat'l Post Office Mail Handlers,* 69 N.C. App. 675, 677, 318 S.E.2d 105, 107 (1984) (holding that union members were not "employees" of the union under the FLSA), our Court recognized that the policy of the Wage and Hour Act is to "protect[] those who, as a matter of economic reality, are dependent upon the business to which they render service." *Id.* at 678, 318 S.E.2d at 107. In determining the scope of the term "employee" in *Poole,* our Court relied upon federal case law that interpreted the term "employee" as used in the FLSA. *Id.* A further examination of federal case law interpreting "employee" under the FLSA reveals that while federal jurisdictions have rejected a narrow interpretation of "employee," *see Usery v. Pilgrim Equip. Co., Inc.,* 527 F.2d 1308, 1315, (5th Cir.), *cert. denied,* 429 U.S. 826, 50 L. Ed. 2d 89 (1976) ("[b]roader economic realities are determinative" of the definition of employee), they have not held that the definition is sufficiently broad to include unions. *International Ass'n of Firefighters v. City of Rome, Ga.,* 682 F. Supp. 522, 534 (N.D. Ga. 1988) (holding "a union lacks standing to maintain an action as a plaintiff under the FLSA" and dismissing the union as a party to the action); *accord Equal Employment Op. Com'n v. American Tel. & Tel. Co.,* 365 F. Supp. 1105, 1121 (E.D. Pa. 1973), *modified,* 506 F.2d 735 (3rd Cir. 1974) (union official not permitted to bring representative action to recover back wages of its members.)

Several factors used by federal jurisdictions to determine "employee" status under the FLSA are equally useful in the context of the Wage and Hour Act: (1) whether the alleged employee performs services for the employer; (2) "the degree of control exerted by the alleged employer" over the individual or entity; and (3) the alleged employee's "opportunity for profit or loss" derived from its relationship with the employer. *Harper v. San Luis Valley Regional Medical Ctr.,* 848 F. Supp. 911, 914 (D. Colo. 1994). Although the United States Supreme Court has recognized that labor unions have standing to assert the rights of employee-members for damages for unpaid wages

LABORERS' INT'L UNION OF NORTH AMERICA, AFL-CIO v. CASE FARMS, INC.

[127 N.C. App. 312 (1997)]

under the Worker Adjustment and Retraining Notification Act (WARN) in *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 134 L. Ed. 2d 758 (1996), the Court's decision was based partly on the explicit language of the WARN Act which states a "person seeking to enforce such liability, [under the Act] including a representative of employees" may bring suit. The language of the N.C. Wage and Hour Act contains no such legislative mandate for representative suit by a union. Instead, the statute also allows for suit by the Commissioner of Labor "at the request of the employees affected." N.C.G.S. § 95-25.22(c).

Applying the above analysis to the facts in our case, we determine the plaintiff unions in this case lack standing under the Wage and Hour Act in that: (1) no services were performed by the unions for defendant as there was no work relationship between the unions and defendant; (2) defendant did not exercise any control over the unions; and (3) any opportunity for profit or loss from the unions' relationship with defendant was indirect and not a product of an employer-employee relationship. *Harper*, 848 F. Supp. at 914. Moreover, the General Assembly did provide for collective representation of employees by a third party under N.C. Gen Stat. § 95-25.22(c) by allowing the Commissioner of Labor to bring suit on behalf of employees. In the absence of other policy or precedent indicating that our definition of "employee" should be sufficiently broader than the plain language of our statute, we hold that only "individuals employed by an employer" or the Commissioner of Labor may bring suit for an employee under the Wage and Hour Act.

[2] Next, the plaintiff unions argue that even if the language of the Wage and Hour Act is not determinative of whether they have standing to sue, N.C. Gen. Stat. § 1A-1 (1990), Rule 23 allows them to bring suit. We disagree. This statute provides in pertinent part:

(a) ... If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.

This statute does not grant or deny standing to parties. Rather than providing a basis for standing, this statute allows a party who is entitled to sue to bring suit on behalf of itself and other parties in the form of a class action. *See Canaan v. Reed*, 53 N.C. App. 589, 591, 281 S.E.2d 408, 410 (1981). We thus hold that the plaintiff unions lack

standing and confirm the trial court's order dismissing plaintiff unions on this ground.

Affirmed.

Judges EAGLES and SMITH concur.