IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-146

Filed: 4 August 2015

North Carolina Industrial Commission, Nos. EC-00017, 00021, 00022, 00024

THE ESTATE OF JERRY JACOBS, THE ESTATE OF ANN SHEPARD, THE ESTATE OF CONNIE TINDALL, and THE ESTATE OF JOE (WILLIAM DALLAS) WRIGHT, Plaintiffs,

v.

STATE OF NORTH CAROLINA, Defendant.

Appeal by plaintiffs from order entered 24 July 2014 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 4 June 2015.

> *Ferguson Chambers & Sumter, P.A., by James E. Ferguson, II, and Irving Joyner, for plaintiffs-appellants.*
>
> *Attorney General Roy Cooper, by Special Deputy Attorneys General Amar Majmundar and Olga E. Vysotskya de Brito, for the State.*

INMAN, Judge.

In this case, we must determine whether the estates of four deceased persons may recover from the government compensation for the wrongful convictions of decedents who received posthumous pardons of innocence. Although both the State and this Court solemnly acknowledge the profound harm caused by the wrongful imprisonment of any person, we affirm the Full Commission's order dismissing

plaintiffs' claims because the statute does not allow compensation based upon posthumous pardons of innocence.

**Background**

On 6 February 1971, amidst a series of violent confrontations between black and white citizens following the court-ordered desegregation of public schools, Mike's Grocery Store in Wilmington was firebombed, and the perpetrators attacked the police and fire rescue personnel who responded to the scene. In 1972, Jerry Jacobs, Anne Shepard, Connie Tindall, and Joe Wright, along with six others (collectively known as the "Wilmington Ten"), were arrested, convicted, and sentenced to various prison terms for these crimes.

In 1980, the United States Court of Appeals for the Fourth Circuit overturned their convictions, holding that the members of the Wilmington Ten had been denied the constitutional right to due process of law through gross prosecutorial misconduct and myriad legal errors at trial. *See Chavis v. State of N.C.*, 637 F.2d 213 (4th Cir. 1980). The principle witnesses for the State later recanted their testimony identifying the Wilmington Ten as the perpetrators.

On 31 December 2012, then-Governor Beverly Perdue issued pardons of innocence for all members of the Wilmington Ten, including posthumous pardons for the deceased Jacobs, Shepard, Tindall, and Wright, for what she deemed to be conduct "utterly incompatible with basic notions of fairness and with every ideal that

North Carolina holds dear." The estates of Jacobs, Shepard, Tindall, and Wright ("plaintiffs") and the six living members of the Wilmington Ten all filed petitions with the North Carolina Industrial Commission on 25 February 2013 under Article 8, Chapter 48 of the North Carolina General Statutes (N.C. Gen. Stat. § 148-82 *et seq.*), for compensation due to persons erroneously convicted of felonies.

Although the State fully compensated the six members who were alive when their petitions were filed, it moved to dismiss plaintiffs' claims on the ground that section 148-82 *et seq.* did not authorize estates to bring a statutory cause of action, especially where the decedents did not receive pardons of innocence prior to their deaths.

By order entered 28 October 2013, Deputy Commissioner J. Brad Donovan denied the State's motions to dismiss, concluding that the legislative purpose for the enactment of section 148-82 *et seq.* was to allow remuneration for wrongful imprisonment, regardless of whether a pardon of innocence was issued posthumously.

The State appealed that order to the Full Commission, which reversed and dismissed plaintiffs' claims. Writing for the Full Commission, Commissioner Linda Cheatham concluded that: (1) the language of section 148-82 *et seq.* was clear and unambiguous in its requirements, (2) plaintiffs did not meet the statutory conditions necessary to bring claims under section 148-82 *et seq.*, and (3) because claims under section 148-82 *et seq.* accrue by the issuance of a pardon of innocence, and neither

Jacobs, Shepard, Tindall, nor Wright received a pardon of innocence prior to their respective deaths, no claims for remuneration survived to their personal representatives under N.C. Gen. Stat. § 28A-18-1 (2013). Plaintiffs filed timely notice of appeal from the Full Commission's order.

Plaintiffs' sole argument on appeal is that the Full Commission erred by dismissing their claims for compensation brought pursuant section 148-82 *et seq.* After careful review, we disagree.

## I. Standard of Review

"We review an order of the Full Commission only to determine 'whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law.' " *Medlin v. Weaver Cooke Const., LLC*, 367 N.C. 414, 423, 760 S.E.2d 732, 738 (2014) (quoting *Deese v. Champion Int'l. Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000)). Because the facts of this case are not in dispute, they are binding on appeal. *See Estate of Gainey v. S. Flooring & Acoustical Co.*, 184 N.C. App. 497, 501, 646 S.E.2d 604, 607 (2007). The Full Commission's conclusions of law, including those related to questions of statutory interpretation, are reviewed *de novo*. *See In re Ernst & Young, LLP*, 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009).

## II. Analysis

Plaintiffs have no common law claims against the State arising from the decedents' wrongful convictions. *See Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 534-36, 299 S.E.2d 618, 625-26 (1983). Their claims depend upon statutory rights created by section 148-82 *et seq*. Plaintiffs contend these statutes authorize their claims; the State contends that the plain meaning of the language of the statutes excludes plaintiffs' claims.

In matters of statutory construction, our primary task is to ensure that the purpose of the legislature is accomplished. *Hunt v. Reinsurance Facility*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981). Legislative purpose is first ascertained from the words of the statute. *See Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute[.]" *In re Hamilton*, 220 N.C. App. 350, 352, 725 S.E.2d 393, 396 (2012). "Moreover, when confronted with a clear and unambiguous statute, courts are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Id.* Finally, "statutes dealing with the same subject matter must be construed *in pari materia* and reconciled, if possible, so that effect may be given to each." *Media, Inc. v. McDowell County*, 304 N.C. 427, 430–31, 284 S.E.2d 457, 461 (1981). Applying these canons of interpretation, as explained below, we conclude that

the relief sought by plaintiffs conflicts with the plain meaning of the applicable

statutes.

It is helpful to set out those provisions in full.  Pursuant to section 148-82(a):

> Any person who, having been convicted of a felony and having been imprisoned therefor in a State prison of this State, and who was thereafter or who shall hereafter be granted a pardon of innocence by the Governor upon the grounds that the crime with which the person was charged either was not committed at all or was not committed by that person, may as hereinafter provided present by petition a claim against the State for the pecuniary loss sustained by the person through his or her erroneous conviction and imprisonment, provided the petition is presented within five years of the granting of the pardon.

N.C. Gen. Stat. § 148-82(a) (2013).

N.C. Gen. Stat. § 148-83 (2013) then sets out the procedure for filing a petition:

> Such petition shall be addressed to the Industrial Commission, and must include a full statement of the facts upon which the claim is based, verified in the manner provided for verifying complaints in civil actions, and it may be supported by affidavits substantiating such claim. Upon its presentation the Industrial Commission shall fix a time and a place for a hearing, and shall mail notice to the claimant, and shall notify the Attorney General, at least 15 days before the time fixed therefor.

Finally, N.C. Gen. Stat. § 148-84 (2013) describes the evidentiary, award, and

compensation procedures:

> (a) At the hearing the claimant may introduce evidence in the form of affidavits or testimony to support the claim, and the Attorney General may introduce counter affidavits or testimony in refutation. If the Industrial Commission finds

from the evidence that the claimant received a pardon of innocence for the reason that the crime was not committed at all, received a pardon of innocence for the reason that the crime was not committed by the claimant, or that the claimant was determined to be innocent of all charges by a three-judge panel under G.S. 15A-1469 and also finds that the claimant was imprisoned and has been vindicated in connection with the alleged offense for which he or she was imprisoned, the Industrial Commission shall award to the claimant an amount equal to fifty thousand dollars ($50,000) for each year or the pro rata amount for the portion of each year of the imprisonment actually served, including any time spent awaiting trial. However, (i) in no event shall the compensation, including the compensation provided in subsection (c) of this section, exceed a total amount of seven hundred fifty thousand dollars ($750,000), and (ii) a claimant is not entitled to compensation for any portion of a prison sentence during which the claimant was also serving a concurrent sentence for conviction of a crime other than the one for which the pardon of innocence was granted.

. . .

(c) In addition to the compensation provided under subsection (a) of this section, the Industrial Commission shall determine the extent to which incarceration has deprived a claimant of educational or training opportunities and, based upon those findings, may award the following compensation for loss of life opportunities:

> (1) Job skills training for at least one year through an appropriate State program; and

> (2) Expenses for tuition and fees at any public North Carolina community college or constituent institution of The University of North Carolina for any degree or program of the claimant's choice that is available from one or more of the applicable institutions. . . .

The State contends that because section 148-82(a) explicitly waives the State's sovereign immunity from suit, its provisions must be strictly construed, *Guthrie*, 307 N.C. at 537-38, 299 S.E.2d at 627, and "everything should be excluded from the statute's operation which does not clearly come within the scope of the language used," *Izydore v. City of Durham (Durham Bd. of Adjustment)*, __ N.C. App. __, __,746 S.E.2d 324, 326 (2013). On the other hand, plaintiffs argue that because section 148-82 *et seq.* is remedial in nature, it must be liberally construed "in a manner which assures fulfilment of the beneficial goals for which it is enacted and which brings within it all cases fairly falling within its intended scope." *Burgess v. Joseph Schlitz Brewing Co.*, 298 N.C. 520, 524, 259 S.E.2d 248, 251 (1979).

Both contentions have merit. This seems to be the rare case where precedent advises both a liberal and strict construction of the same statutes. But we need not attempt this task, nor must we choose which interpretative method prevails.

Even if we read section 148-82 *et seq.* liberally, as plaintiffs contend we should, we cannot conclude that plaintiffs' claims "fairly fall[] within its intended scope." *Burgess*, 298 N.C. at 524, 259 S.E.2d at 251. The best indications of that intended scope "are the language of the statute or ordinance, the spirit of the act[,] and what the act seeks to accomplish." *N.C. Dep't of Corr. v. N.C. Med. Bd.*, 363 N.C. 189, 201, 675 S.E.2d 641, 649 (2009) (quotation marks omitted). These considerations support the Full Commission's conclusion that the General Assembly did not intend for

testamentary estates, like plaintiffs, to recover compensation under section 148-82 *et seq.*

First, the language of section 148-82 *et seq.* is plain and unambiguous in its requirements.  Section 148-82(a) provides that "any *person*" who is convicted of a felony, imprisoned, and receives a pardon of innocence may "present by petition a claim against the State for the pecuniary loss sustained *by the person through his or her erroneous conviction and imprisonment*[]."  (Emphasis added.)   N.C. Gen. Stat. § 12-3 (2013), titled "Rules for construction of statutes," defines the word "person" as "bodies politic and corporate, as well as . . . individuals, unless the context clearly shows to the contrary."   Rather than "clearly show[ing]" that the word "person" in section 148-82(a) is meant to also include a testamentary estate, the statutory requirements that the "person" be convicted of a crime, imprisoned, and granted a pardon of innocence before petitioning the State for the pecuniary loss suffered "through his or her erroneous conviction and imprisonment" significantly bolsters the State's argument that the word "person," in the context of section 148-82(a), means the actual individual who was wrongfully incarcerated.

The legislature's use in context of the word "claimant" in sections 148-83 and -84 further strengthens the State's position.  Particularly, the "claimant" is described in section 148-84(a) as having been "determined to be innocent"; "imprisoned"; and "vindicated in connection with the alleged offense for which he or she was

imprisoned." None of these descriptions applies to plaintiffs or could ever apply to a testamentary estate. In addition to pecuniary compensation, the Industrial Commission is required by section 148-84(c) to "determine the extent to which incarceration has deprived a claimant of educational or training opportunities," and based on those findings, may award job skills training or expenses for fees and tuition at any public North Carolina institution of higher learning. Plaintiffs' interpretation of this chapter would render section 148-84(c) either superfluous or nonsensical, as it would be impossible for the Industrial Commission to assess how an unconscious, inanimate legal entity like a testamentary estate was deprived "loss of life opportunities." N.C. Gen. Stat. § 148-84(c).

"[T]he rule of liberal construction cannot be extended beyond the clearly expressed language of the act." *Gilmore v. Hoke Cnty. Bd. of Educ.*, 222 N.C. 358, 366, 23 S.E.2d 292, 297 (1942). Thus, even under a liberal construction, we must give effect to each provision under section 148-82 *et seq.* where possible. Because plaintiffs' interpretation runs counter to the plain and unambiguous language of these statutes, and would render certain portions unneeded, we must reject it. Accordingly, we affirm the Full Commission's legal conclusion that section 148-82 *et seq.* did not authorize plaintiffs, as the testamentary estates of Jacobs, Shepard, Tindall, and Wright, to petition the State for compensation on their behalf.

We also affirm the Full Commission's conclusion that plaintiffs may not avail themselves of N.C. Gen. Stat. § 28A-18-1 to assert claims under section 148-82 *et seq.* Section 28A-18-1 provides:

> (a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, *existing in favor of or against such person*, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate.
>
> (b) The following rights of action in favor of a decedent do not survive:
> (1) Causes of action for libel and for slander, except slander of title;
> (2) Causes of action for false imprisonment;
> (3) Causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death.

(Emphasis added.) At oral argument, plaintiffs conceded that any claim under section 148-82 *et seq.* accrues only upon the issuance of a pardon of innocence. Because Jacobs, Shepard, Tindall, and Wright received no pardons of innocence during their lifetimes, no claims under section 148-82 *et seq.* existed to survive to their estates. *See, e.g.*, *Carnahan v. Reed*, 53 N.C. App. 589, 592, 281 S.E.2d 408, 410 (1981) (holding that only causes of action which had accrued in favor of the decedent prior to his death could survive his death under section 28A-18-1).

We acknowledge plaintiffs' assertion that "[w]hen an innocent person has had his or her liberty and a portion of his or her life wrongfully taken, . . . [t]hat harm lives on after death – especially in the lives of affected loved ones." However, we are

required by law to apply section 148-82 *et seq.* as it is written. *See Gilmore*, 222 N.C. at 366, 23 S.E.2d at 297 ("It is ours to construe the laws, and not to make them[.]"). These policy considerations are more appropriately raised with the legislative branch.

## Conclusion

For the foregoing reasons, we affirm the order of the Full Commission dismissing plaintiffs' claims for compensation under section 148-82 *et seq.*

AFFIRMED.

Judges STROUD and MCCULLOUGH concur.