McGEE, Chief Judge.
 

 Thomas Bentley ("Plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission ("the Commission") determining he was not an "employee" of Jonathan Piner Construction ("Piner Construction"), as that term is used in the North Carolina Workers' Compensation Act,
 
 N.C. Gen. Stat. § 97-1
 

 et seq.
 
 On appeal, Plaintiff contends,
 
 inter alia
 
 , that the Commission erred by basing its opinion and award on an opinion and order by a deputy commissioner who was not present at the hearing and did not hear the evidence. We agree, vacate the Commission's opinion and award, and remand for a new hearing.
 

 I. Background
 

 Piner Construction, a residential and commercial contractor, hired Plaintiff to work as a framer at one of its construction sites. While working at the construction site on 3 March 2014, Plaintiff was injured when a nail he was prying from a board broke loose and struck him in the right eye. Following the injury, Plaintiff filed a workers' compensation claim with the Commission on 25 March 2014. Piner Construction, along with its insurance carrier, Stonewood Insurance Company (collectively, "Defendants") denied the claim for compensation, contending the injury was non-compensable under the Workers' Compensation Act because Plaintiff was not an employee of Piner Construction on the date of the accident. The claim was assigned for a hearing before Deputy Commissioner Mary C. Vilas ("Deputy Vilas").
 

 A hearing before Deputy Vilas occurred on 5 December 2014. Near the end of the hearing, Deputy Vilas suggested that the jurisdictional question of whether Plaintiff was an employee of Piner Construction be bifurcated from the merits of Plaintiff's claim, because she would no longer be at the Commission
 
 *380
 
 after 1 February 2015. Deputy Vilas noted that she had many cases to write, but she would "try" to decide the jurisdictional question in the present case before she left the Commission. An order bifurcating the jurisdictional and merits issues was filed 9 December 2014 by Deputy Vilas, and stated that bifurcation "was appropriate given the issues for hearing and that medical testimony by deposition is not scheduled until 26 January 2015 and [Deputy Vilas] will not be at the Commission after 1 February 2015." Deputy Vilas filed an order closing the record and declaring that the jurisdictional issue was "ready for a decision" on 12 January 2015.
 

 An opinion and order was entered 16 February 2015 by Deputy Commissioner William H. Shipley ("Deputy Shipley"). Deputy Shipley concluded as a matter of law that the Commission lacked jurisdiction over Plaintiff's claim because he was not an employee of Piner Construction at the time his injury was sustained. Plaintiff appealed to the full Commission, which came to the same conclusion in an opinion and award entered 9 October 2015. Plaintiff appeals.
 

 II. Analysis
 

 Plaintiff argues the Commission erred in basing its decision on an opinion and award of a deputy commissioner who did not hear the evidence.
 
 [1]
 
 Whether
 
 N.C. Gen. Stat. § 97-84
 
 permits one deputy commissioner to consider the evidence and another to render an opinion and award is a question of statutory interpretation, which we review
 
 de novo
 
 .
 
 See
 

 In re D.S.
 
 ,
 
 364 N.C. 184
 
 , 187,
 
 694 S.E.2d 758
 
 , 760 (2010) (stating that "[q]uestions of statutory interpretation are questions of law and are reviewed de novo" (citing
 
 Brown v. Flowe
 
 ,
 
 349 N.C. 520
 
 , 523,
 
 507 S.E.2d 894
 
 , 896 (1998) )).
 

 Statutory interpretation "properly begins with an examination of the plain words of the statute."
 
 Correll v. Division of Social Services
 
 ,
 
 332 N.C. 141
 
 , 144,
 
 418 S.E.2d 232
 
 , 235 (1992) (citation omitted). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning."
 
 Lemons v. Old Hickory Council
 
 ,
 
 322 N.C. 271
 
 , 276,
 
 367 S.E.2d 655
 
 , 658 (1988) (citations omitted);
 
 see also
 

 State v. Wiggins
 
 ,
 
 272 N.C. 147
 
 , 153,
 
 158 S.E.2d 37
 
 , 42 (1967) ("It is elementary that in the construction of a statute words are to be given their plain and ordinary meaning unless the context, or the history of the statute, requires otherwise." (citation omitted)).
 

 The statute at issue in this case, N.C.G.S. § 97-84, provides:
 

 The Commission or any of its members shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner. The Commission shall decide the case and issue findings of fact based upon the preponderance of the evidence in view of the entire record. The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue shall be filed with the record of the proceedings, within 180 days of the close of the hearing record unless time is extended for good cause by the Commission, and a copy of the award shall immediately be sent to the parties in dispute. The parties may be heard by
 
 a deputy
 
 , in which event the hearing shall be conducted in the same way and manner prescribed for hearings which are conducted by a member of the Industrial Commission,
 
 and said deputy
 
 shall proceed to a
 
 complete determination of the matters in dispute, file his written opinion within 180 days of the close of the hearing record
 
 unless time is extended for good cause by the Commission, and
 
 the deputy
 
 shall cause to be issued an award pursuant to such determination.
 

 N.C. Gen. Stat. § 97-84
 
 (2015) (emphasis added). Considering the words in the statute as they appear, and giving those words their plain and ordinary meaning, we find that if a dispute in the Industrial Commission is heard by a deputy, N.C.G.S. § 97-84 requires "said deputy" to both arrive at a
 
 *381
 
 "complete determination of the matters in dispute," and "file his [or her] written opinion[.]"
 
 [2]
 
 The statute refers to a deputy commissioner in the singular form throughout the statute, stating that "a deputy" may hear the dispute in the same manner as "a member" of the Commission, and that "said deputy" shall proceed to a complete determination of the case, file an opinion, and "the deputy" shall cause an award to be issued.
 

 We believe the context in which "a deputy," "said deputy," and "the deputy" are used in N.C.G.S. § 97-84 evidences the General Assembly's intent that a single deputy handle a case from its outset to its completion. We recognize that, under the Workers' Compensation Act, we are to read the singular to include the plural unless the context requires otherwise.
 
 See
 

 N.C. Gen. Stat. § 97-2
 
 (17) (2015) (providing that "the singular includes the plural" unless "the context otherwise requires"). However, reading the singular to include the plural in this instance-reading "a deputy" as "deputies," "said deputy" as "said deputies," and "the deputy" as "the deputies"-would permit a panel of deputies to hear the dispute and, taken to its logical conclusion, would also permit one deputy to issue preliminary orders, another deputy to hear the testimony, another to close the record, and yet another to render a decision. In the latter circumstance, no one deputy would have come to a "complete determination of the matters in dispute," rendering that portion of the statute superfluous.
 
 See
 

 Estate of Jacobs v. State
 
 , ---N.C.App. ----, ----,
 
 775 S.E.2d 873
 
 , 877,
 
 disc. review denied
 
 ,
 
 368 N.C. 430
 
 ,
 
 778 S.E.2d 93
 
 (2015) (declining to adopt an interpretation that would have rendered portions of a statute "superfluous or nonsensical").
 

 We believe the context in which "a deputy," "said deputy," and "the deputy" are used requires that the entire process be handled by a single deputy commissioner, and that a contrary interpretation would contravene the manifest intent of the General Assembly. N.C.G.S. § 97-2(17) ;
 
 see also
 

 N.C. Gen. Stat. § 12-3
 
 (1) (2015) (providing that in the interpretation of statutes, "[e]very word importing the singular number only shall extend and be applied to several persons or things," unless "such construction would be inconsistent with the manifest intent of the General Assembly.").
 

 In so finding, we rely only on the plain language of the statute, and reject Plaintiff's argument that
 
 State v. Bartlett
 
 ,
 
 368 N.C. 309
 
 ,
 
 776 S.E.2d 672
 
 (2015) controls this case. In
 
 Bartlett
 
 , our Supreme Court interpreted a provision of the North Carolina Criminal Procedure Act, N.C. Gen. Stat. § 15A-977, as requiring a trial judge who presides at a suppression hearing to also issue the findings of fact. 368 N.C. at 313,
 
 776 S.E.2d at 647
 
 . This is so, the Court reasoned, because "[t]he trial judge who presides at a suppression hearing 'sees the witnesses, observes their demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth.' "
 

 Id.
 

 (quoting
 
 State v. Smith
 
 ,
 
 278 N.C. 36
 
 , 41,
 
 178 S.E.2d 597
 
 , 601,
 
 cert. denied
 
 ,
 
 403 U.S. 934
 
 ,
 
 91 S.Ct. 2266
 
 ,
 
 29 L.Ed.2d 715
 
 (1971) ). Plaintiff reasons that, because a deputy commissioner hearing evidence in the Industrial Commission functions like a trial judge at a suppression hearing,
 
 Bartlett
 
 's holding should be read to mandate that a single deputy commissioner both hear the evidence and render a decision.
 

 Clear precedent from our Supreme Court allows us to reject this reasoning. As Defendants point out, in
 
 Adams v. AVX Corp
 
 ,
 
 349 N.C. 676
 
 ,
 
 509 S.E.2d 411
 
 (1998), our Supreme Court stated that under the Workers' Compensation Act, "the Commission is the fact finding body" and is the "sole judge of the credibility of the witnesses and the weight to be given their testimony."
 
 Id.
 
 at 680,
 
 509 S.E.2d at 413
 
 (citation omitted). Defendants correctly note that under
 
 Adams
 
 , the full Commission reviewing the opinion and award of the hearing officer may either conduct a
 
 *382
 
 new hearing or proceed on the cold record, and unlike N.C.G.S. § 15A-977, which entrusts the trial court to be the fact finder,
 
 N.C. Gen. Stat. § 97-85
 
 "places the ultimate fact-finding function with the Commission-not the hearing officer."
 

 Id.
 

 at 681
 
 ,
 
 509 S.E.2d at 413
 
 .
 

 We are cognizant of
 
 Adams
 
 and its instruction that the full Commission is the sole judge of the credibility of witnesses.
 

 Id.
 

 Defendants argue that, because the Commission may proceed on a cold record in reviewing the hearing officer's decision, whether the deputy commissioner issuing the original opinion and order heard live testimony or proceeded on a cold record is of no moment. However, we cannot ignore the plain language of a statute. Our decision does not question the Commission's ability to review the hearing officer's decision on a cold record-under our precedents it unquestionably can. In the present case, we simply examine whether the plain language of N.C.G.S. § 97-84 permits a deputy commissioner to issue an opinion and order in a case over which he or she did not personally preside. As noted, we find said language to unambiguously dictate that when "a deputy" commissioner presides over a dispute, "
 
 said deputy
 
 shall proceed to a
 
 complete determination of the matters in dispute
 
 , file his written opinion within 180 days of the close of the hearing record," and "cause to be issued an award pursuant to such determination." N.C.G.S. § 97-84 (emphasis added).
 

 In the present case, Deputy Vilas presided over the hearing, issued a preliminary order bifurcating the jurisdictional and merits issues, and closed the record on the issue of the employment relationship, while Deputy Shipley issued the opinion and order finding that the Commission had no jurisdiction because Plaintiff was not an employee of Piner Construction. Neither Deputy Vilas nor Deputy Shipley "proceed[ed] to a complete determination of the matters in dispute," "file[d] [a] written opinion,"
 
 and
 
 "cause[d] to be issued an award pursuant to such determination." N.C.G.S. § 97-84. We therefore conclude that the proceedings before Deputy Vilas resulting in an opinion and order by Deputy Shipley violated N.C.G.S. § 97-84.
 

 III. Conclusion
 

 For the reasons stated, the Commission's opinion and award is vacated, and this case is remanded for a new hearing.
 

 VACATED AND REMANDED.
 

 Judges CALABRIA and STROUD concur.
 

 [1]
 

 Plaintiff raises two other arguments in his brief regarding the merits of the Commission's decision. Because we agree that a plain reading of
 
 N.C. Gen. Stat. § 97-84
 
 requires a single deputy commissioner to both hear the evidence and render an opinion and award, we do not reach the remaining issues presented for adjudication.
 

 [2]
 

 This question is one of first impression. In
 
 Crawford v. Board of Education
 
 ,
 
 3 N.C.App. 343
 
 ,
 
 164 S.E.2d 748
 
 (1968), the defendant argued the Commission erred in allowing a hearing officer to preside at the hearing in which the majority of the evidence was presented, when another hearing officer presided over the first day of the hearing and ultimately issued the opinion and award.
 
 3 N.C.App. at 347-48
 
 ,
 
 164 S.E.2d at 751
 
 . However, this Court found the defendant's argument on the issue to be waived, and did not reach the merits.
 

 Id.